**People of the State of Illinois, Plaintiff-Appellee, v. Jerome E. Tice, Defendant-Appellant.**

Gen. No. 10,858.

Fourth District.

December 6, 1967.

Donald B. Mackay, Public Defender, of Bloomington, for appellant.

Hugh A. Henry, Jr., State's Attorney of McLean County, of Bloomington, for appellee.

MR. PRESIDING JUSTICE CRAVEN delivered the opinion of the court.

The defendant was convicted in a jury trial for the offense of burglary. He appeals to this court from the sentence imposed of not less than ten nor more than fifteen years in the Illinois State Penitentiary. This appeal relates only to an assertion that the sentence is excessive and seeks its reduction.

Section 121–9(b) (4) of c 38, Ill Rev Stats 1965, provides that reviewing courts may reduce the punishment imposed by the trial court. Although the appellant here refers to constitutional prohibitions against cruel and unusual punishment, the foregoing statutory grant of authority to reduce sentence is clearly the more appropriate reference.

As the Committee Comments to the Code of Criminal Procedure indicate, the grant of authority to

reviewing courts is new and was designed to obviate subsequent retrials or numerous appeals of the same case. Further, the authority of reviewing courts to reduce sentences was undoubtedly made part of our Code of Criminal Procedure to serve the orderly administration of justice. As one writer has noted, the authority of reviewing courts to reduce sentences avoids not only the subterfuge but the necessity of making bad law to meet hard cases. Rubin, The Law of Criminal Correction 148 (1963).

In People v. Taylor, 33 Ill2d 417, 211 NE2d 673 (1965), the Illinois Supreme Court noted that the grant of authority to reviewing courts should be applied with considerable caution and circumspection, admonishing that the trial judge ordinarily has a superior opportunity in the course of the trial and the hearing in aggravation and mitigation to make a sound determination concerning the punishment to be imposed than would be the case of an appellate tribunal.

The Illinois cases that have considered the authority to reduce sentence are discussed in 55 Ill BJ 300. An examination of these cases can lead only to the conclusion that there is considerable diversity of opinion among judges of the appellate court as to the exercise of the power to reduce sentence.

The legislature has said that it is the general purpose of the criminal law to prevent arbitrary or oppressive treatment of offenders and to provide penalties which are proportionate to the offense and which permit of recognition of differences in the rehabilitation potential of individual offenders. Sentences are required to be indeterminate and in arriving at the sentence to be imposed, the trial court is to consider the evidence, if any, received at the trial and the evidence heard in aggravation or in mitigation of the offense. The specific evidence to be considered is set forth in section 1–7(g)

of the Code of Criminal Procedure and the general legislative policy declarations are found in paragraph 1–2 of that Code. See also People v. Evrard, 65 Ill App2d 118, 212 NE2d 305 (5th Dist 1965); People v. Harden, 78 Ill App2d 431, 222 NE2d 693 (4th Dist 1967); 1966 Ill L Forum, 523 et seq.

■ ■ Wide latitude is now given a sentencing judge in his quest for information which might provide a basis upon which to impose sentence. People v. Spann, 20 Ill2d 338, 169 NE2d 781 (1960). That which is considered by the sentencing judge must necessarily be a part of the record when, as in this case, appellate review of sentence is sought. This court would thus have before it all matters considered by the sentencing judge except for the subjective impression of the defendant based upon his demeanor in and at such proceedings as transpired in open court.

Turning now to the specifics of this case, the trial of the case shows that the defendant entered a building of an oil company with intent to commit a theft. The offense was in the early morning hours. There is no indication of violence in connection with the offense. From the proceedings in the court at the time of the hearing in aggravation and mitigation, it was developed that the defendant was 26 years of age, with two years of high school education, married, with one child, then aged three months. The defendant had been married once previously, was divorced, with no children by his first wife, and was not then under any orders for alimony.

The defendant's record of prior convictions to which he testified included conviction of the offense of forgery, "strong-armed robbery" and burglary. The forgery conviction resulted in a sentence of one to three years for which the defendant served the maximum time. The robbery conviction resulted in a sentence of one to four years for which he served the maximum time. His prior

316

burglary conviction resulted in a sentence of one to three years for which he served the maximum time. All of the convictions are indicated to be from the circuit court of McLean County. It develops from the information in this record that the defendant first was incarcerated in 1957, when he was approximately sixteen years of age, and that he had, by reason of these prior sentences, served approximately seven years in the Illinois State Penitentiary, with some period, not detailed, of unsuccessful effort at release on parole.

The state's attorney, in his recommendation to the court of a sentence, reviewed the record of criminal conduct, the instant offense, and concluded with a recommendation of not less than twenty-five nor more than fifty years in the penitentiary. Sentence ultimately imposed of not less than ten nor more than fifteen years is sought to be reduced because it is excessive.

We find no deficiencies in this record with reference to the gathering of complete information necessary for the difficult assignment of individualizing a sentence, nor do we find anything in this record that warrants this court in reducing the sentence.

First, we must be mindful of the admonition of the Supreme Court in Taylor that the authority to reduce sentences be used with caution and circumspection. Finally, full consideration of all of the information in this record indicates the sentence to be neither excessive nor without consideration of the rehabilitation prospects of the defendant.

The sentence is indeterminate, and although the spread between the minimum and the maximum may not make provision for the optimum amount of parole supervision in the event of his release on parole, it cannot be said that the sentence eliminates the possibility of release on parole supervision. This sentence may be more severe than burglary sentences generally, but equality of

317

sentencing is not mandated by our Code of Procedure and clearly not required in the case of unequal offenses or unequal rehabilitation prospects of offenders. "Equal sentences" may well be more disparate than unequal sentences if the latter give full consideration to the offense and the personality characteristics of the offender. The judgment and sentence of the circuit court of McLean County are affirmed.

Affirmed.

SMITH and TRAPP, JJ., concur.