(No. 39151.—■■■■■■■■■■■)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LLOYD M. CHEZEM, Plaintiff in Error.

*Opinion filed January 29, 1969.*

LEON J. ZANONI, of Bloomington, appointed by the Court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and B. H. HUSCHEN, State's Attorney, of Woodford County, (JAY H. JANSSEN, Special Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

A jury in the circuit court of Woodford County found the defendant, Lloyd Chezem, guilty of manslaughter, and he was sentenced to imprisonment for a term of not less than 3 nor more than 10 years. Both the judgment of conviction and the order dismissing his post-conviction petition are now before us for review.

To reverse the judgment of conviction the defendant argues that the State failed to establish that the killing took place in Woodford County. The stabbing with which defendant was charged occurred in a wooded area near the county line between Woodford and Tazewell counties where there were no readily apparent boundary markers. We are satisfied, however, that venue was properly shown. Two persons who had accompanied the defendant and the deceased directed officials to the spot where the offense took place, which was identified by a large blood stain in the road. A man working in a field nearby identified the area as part of a farm which he knew to be located in Woodford County. In addition to the blood stain, a shoe of the victim and a bag containing personal effects of defendant's female companion were identified as having been found in Woodford County. In all, the county of the crime was identified by four witnesses, including the sheriff of Woodford County. The persuasiveness of the State's case is not diminished by the inability of the witnesses to identify the precise geographical boundaries of the county. See *People v. Bybee,* 9 Ill.2d 214.

The defendant also contends that it was error to dismiss his post-conviction petition upon the State's motion. With his post-conviction petition the defendant filed an affidavit in which he admitted that he stabbed the deceased, and set forth other facts sufficient to justify the verdict of the jury. His affidavit stated that he "has no grievances" with the fact of his conviction. In the context of these statements, his general assertions that he was "poorly represented" upon his trial and that he was not competently represented upon his post-conviction petition are not impressive. The arguments before the jury were not taken down by the court reporter, and therefore do not appear in the transcript furnished to the defendant. But it is nowhere suggested that any error occurred during the course of the arguments.

The judgment of conviction and the judgment dismissing the defendant's post-conviction petition are affirmed.

*Judgments affirmed.*