(No. 42453.—■)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* GARY LEE STOUDT, Appellant.

*Opinion filed March 24, 1970.*

CULBERTSON, J., took no part.

RONALD S. COPLAN, Public Defender, of Morrison, for appellant.

L. E. ELLISON, State's Attorney, of Sterling, for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This is an appeal from an order which dismissed a post-conviction petition. In 1965 the defendant, Gary Lee Stoudt, was convicted of murder after a trial before a jury in the circuit court of Whiteside County, and was sentenced to imprisonment in the penitentiary for not less than 25 years nor more than 50 years. Upon appeal, his conviction was affirmed by the appellate court, third district. (90 Ill. App. 2d 140.) Leave to appeal was denied.

On February 21, 1969, the defendant filed a motion for the appointment of counsel to represent him in the prepara-

tion of a post-conviction petition and in the presentation of that petition. The State's Attorney moved to strike that motion. From the record before us it appears that on March 24, 1969, before any action was taken upon these motions, the defendant filed his *pro se* post-conviction petition.

In an affidavit attached to his petition the defendant requested the appointment of counsel "for the sole purpose of representation only since affiant has prepared his own petition," and stated that the defendant "could not be properly represented by the Public Defender's Office." He requested the court to appoint counsel from the County Bar Association to represent him, and his affidavit further stated that "the affiant wishes his petition heard as it is and that the same is not to be amended by court assigned counsel."

The public defender was appointed to represent the defendant. The State's Attorney moved to dismiss the post-conviction petition on the ground that it did not allege facts showing a substantial denial of constitutional rights, "but at most the allegations are conclusions which are insufficient." The motion to dismiss also directed the court's attention to the fact that the defendant had had a full review or opportunity for review upon his appeal to the appellate court. The motion to dismiss the post-conviction petition was allowed, and the defendant has appealed.

In this court the present public defender argues forcefully that it was error to deny the defendant's request for the appointment of counsel other than the public defender to represent the defendant upon his post-conviction petition. This argument is predicated upon the fact that the defendant was represented upon his trial by the present public defender's predecessor in office, whom the defendant charges with incompetent representation. It is therefore urged that the present public defender was confronted with a conflict of interest which made it impossible for him to represent the defendant adequately upon his post-conviction petition. In support of this contention the public defender relies upon

*People* v. *Chezem,* 41 Ill.2d 481; *People* v. *Sigafus,* 39 Ill.2d 68; *People* v. *Hill,* 39 Ill.2d 61; *People* v. *Smith,* 37 Ill.2d 622; and *People* v. *Ashley,* 34 Ill.2d 402.

We would find this argument persuasive were it not for the fact that the defendant made it entirely plain that he wanted his petition "heard as it is and that the same is not to be amended by court assigned counsel." The role to which the defendant restricted his appointed attorney was thus limited to the presentation of argument as to the legal sufficiency of the allegations contained in the post-conviction petition. Those allegations are:

"(a) That he was arrested without a warrant and or probable cause, in violation of Amendment 4, 5, and 14, of the Constitution of the United States.

(b) That he was unlawfully searched and seized without a proper search warrant and or probable cause, in violation of Amendment 4, 5, and 14, of the Constitution of the United States.

(c) That he was held under unlawful detention at both his first place of detention and second place of detention, inasmuch as, he was not allowed to call either his family or attorney within a reasonable period of time after continuously requesting to be allowed to use a phone, in violation of Amendment 5, and 14, of the Constitution of the United States.

(d) That the indictment was faulty and void on its face, in violation of Amendment 5, 6, and 14, of the Constitution of the United States.

(e) That he was denied proper representation, inasmuch as, his counsel was incompetent of handling a case such as petitioner's which proved to be fatal as no defense was offered to guarantee petitioner equal benefits of the law, in violation of Amendment 5, 6, and 14, of the Constitution of the United States.

(f) That due to incompetent counsel petitioner was denied his right to prepare a proper defense in his behalf,

in violation of Amendment 5, 6, and 14, of the Constitution of the United States.

(g) That due to incompetent counsel petitioner was denied his right to call witnesses in his defense, in violation of Amendment 5, 6, and 14, of the Constitution of the United States.

(h) That by not having proper representation, or, proper defense, or, defense witnesses, petitioner was denied his right to a fair and impartial trial, in violation of Amendment 5, 6, and 14, of the Constitution of the United States.

(i) That the trial was a sham and a farce, inasmuch as, the entire proceeding was one sided without even the slightest defense being raised in petitioner's behalf, in violation of Amendment 5, 6, and 14, of the Constitution of the United States.

(j) That the entire trial proceeding was a malicious prosecution, inasmuch as, the State knew that the indictment was faulty and void on its face but proceeded nonetheless, in violation of Amendment 5, 6, 8, and 14, of the Constitution of the United States.

(k) That petitioner was not proven guilty beyond all reasonable doubt, as the jury found petitioner guilty of murder in manner and form as charged in the indictment, whereas, the indictment charges three possible causes of death of the deceased, in violation of Amendment 5, and 14, of the Constitution of the United States.

(l) That it was wrongfully left up to the jury to decide which was the cause of death of the deceased, as the indictment charges three possible causes of death, this is a matter of fact not open to a jury finding, and is to be determined by the coroner, in violation of Amendment 5, and 14, of the Constitution of the United States.

(m) That picture slides were shown to the jury which had no probative value and which therefore inflamed the jurors and robbed the petitioner of the permanent pre-

sumption of innocence, in violation of Amendment 5, and 14, of the Constitution of the United States.

(n) That prejudicial news coverage, by paper and radio robbed petitioner of his right to remain innocent until proven guilty, in violation of Amendment 5, and 14, of the Constitution of the United States."

We have carefully examined these allegations, and we are of the opinion that they consist only of legal conclusions which were insufficient to require an evidentiary hearing. Since the defendant was determined not to permit them to be amended, no attorney could have effectively aided him.

The judgment of the circuit court of Whiteside County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE CULBERTSON took no part in the consideration or decision of this case.