THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDDIE LEE HAYNES, Defendant-Appellant.

(No. 70-111;

Second District—January 22, 1971.

John Beynon, Public Defender, of Rockford, (Frank P. Vella, Jr., Assistant Public Defender, of counsel,) for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, (K. Craig Peterson, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant appeals from a judgment and sentence of five to fifteen years imposed after his plea of guilty to armed robbery. The severity of his punishment and the disparity of his sentence compared with that of a co-defendant are the only issues raised.

At the hearing in aggravation and mitigation evidence was presented that on March 10th, 1970, the defendant entered the Howard Johnson Restaurant in Rockford, accompanied by a co-defendant, Wilma Cain, Jr. Defendant was carrying a loaded, sawed-off shotgun. The manager, together with employees and several customers, was ordered into the

women's washroom. Haynes then ordered the manager at gun point to open the safe. When the manager hesitated, while trying to remember all of the numbers, the defendant cocked the gun and told him to hurry and open it. The front of the safe was open but the back could not be opened without a Brinks key. The defendant pulled the hammer back on the gun and said "I'm not kidding now. I don't want to hurt you. Open that back safe". The back could not be opened. The manager testified that during the robbery the defendant cocked his gun twice. The manager further testified that Cain was unarmed when he entered the premises but during the course of the robbery picked up a kitchen knife; and at one point struck one of the victims with a chair.

Almost a thousand dollars, together with the wallets of the victims, was taken in the robbery. Initially one of the waitresses had seen the defendant with the gun and called the police. The defendants were apprehended as they were leaving the Restaurant.

Haynes testified that he did not know if the shotgun was operable as he said he had gotten it from a stranger only two days prior to the robbery. At another point in his testimony he stated that the gun was inoperable. He said it was necessary to hold the stock and barrel together due to a missing screw. He admitted the gun was loaded and that he had four or five shells on his person.

A Rockford police detective testified that, in his opinion, the gun was fireable. The manager testified that he saw the weapon kicked ten to thirteen feet when it was laid down after the robbery and that it remained in one piece.

Only the defendant testified. He did not mention his background except to say that he had quit school the previous fall and that he had gone to quite a number of other schools. There was no mention of his family life or work habits. The defendant denied cocking the gun. He gave his age as eighteen years. His previous record consisted of a recent conviction in Federal Court for possession of stolen mail. He was scheduled to appear on the 17th of April for sentencing. He admitted to being a dope addict and testified that he was going to buy dope with the money from the robbery. He said that he had received medical attention while in jail and had been able to "kick the junk".

Defendant contends that the sentence, in that it more than doubles the minimum of two years provided by statute (Ill. Rev. Stat. 1969, ch. 38, par. 18—2(b)), is unduly harsh and is unfairly disproportionate to the sentence of probation meted to Cain for the same crime.

■■ The purposes to be achieved by sentencing are to make the punishment proportionate to the seriousness of the offense, to protect society from further offenses and to recognize the possibility of rehabili-

tating the individual offender. We recognize that the objective of appellate review is to correct sentences when it clearly appears that the penalty imposed constitutes a great departure from these purposes. We find no such departure here. (See *People v. Loyd* (1970), 125 Ill.App.2d 196, 200—202; *People v. Lillie* (1967), 79 Ill.App.2d 174.) A corollary purpose of sentence review is to develop a rational and consistent approach to sentencing problems. Fundamental fairness and the creating of a respect for law require that defendants who are similarly situated may not receive grossly disparate sentences. However, a defendant has the burden of furnishing a record in mitigation from which a rational comparison may be made. (See *People v. Wittington* (1970), 264 N.E.2d 1, 3.) We are told that subsequent to defendant's sentencing the co-defendant, Wilma Cain, Jr., received probation on the same charge; but we do not have before us the record of Cain's hearing in aggravation and mitigation nor any other pertinent facts relative to Cain's potential for rehabilitation. We thus have no basis for comparison.

We, therefore, affirm the judgment below.

Judgment affirmed.

T. MORAN, P. J., and ABRAHAMSON, J., concur.