THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIE B. HENNE, Defendant-Appellant.

(No. 71-394;

Second District—February 21, 1973.

Paul Bradley, of Defender Project, of Elgin, for appellant.

William B. Petty, State's Attorney, of Mt. Carroll, (James W. Jerz, of counsel,) for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

A jury found defendant, Willie B. Henne (and co-defendants Tracy Stewart, James DePaolo and John Weisz) guilty of burglary and theft. Henne was sentenced to serve from seven to twenty-one years in the penitentiary.

The facts in this case are set forth in *People v. Stewart*, Gen. No. 72-16, (Ill.App.3d) (1973).

The defendant here raises three issues, two identical (including the wording of the brief) to those raised and decided in *Stewart, supra*. Answered fully in *Stewart* are defendant's arguments that the trial court erred in denying his pretrial motion to suppress and that he was not proven guilty beyond a reasonable doubt.

Defendant's third issue is that his sentence was excessive and grossly disparate from that imposed upon co-defendant Stewart who, despite equal participation, received a one to four year sentence.

Upon sentencing Stewart, the trial judge rejected the State's recommendation of three to five years on the basis of the minimal amount of damage caused during the burglary and the small value of the tools stolen.

In sentencing Henne, the judge stated that he was not taking into consideration the additional crimes of escape and murder pending against defendant but was only considering "all previous convictions, including juvenile proceedings."

Reviewing the records of both Stewart and defendant, we find the gross disparity in sentencing was not justified. Henne, 23 years old, had, while a juvenile, committed some serious offenses such as arson, car theft, hit and run property damage and attempted escape from the Youth Authority. His last offense, however, was committed four years prior to the instant crime; since reaching maturity he has had no convictions. Stewart, 19 years old, had been convicted of two prior thefts, both occurring in the same year as the instant crime. Although the record indicates that defendant apparently escaped from the Sheriff's custody while awaiting sentencing, Stewart, who was on bond, did not appear for his hearing on aggravation and mitigation until a bench warrant had issued for his arrest.

■■ Due to Henne's more serious misconduct, both as a juvenile and while awaiting sentencing, the trial court could have properly imposed a sentence greater than that given Stewart, but the record does not justify the extreme disparity. Fundamental fairness and respect for the law require that defendants similarly situated may not receive grossly disparate sentences. (See, *People v. Haynes*, 132 Ill.App.2d 130, 266 N.E.2d 172, 174 (1971).) In this interest, we reduce defendant's sentence to a minimum of three to a maximum of nine years in the penitentiary.

Judgment affirmed as modified.

ABRAHAMSON and SEIDENFELD, JJ., concur.