THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JACK LEE DURHAM, Defendant-Appellant.

(No. 72-273; ■■■■■■■■■)

Fifth District—March 23, 1973.

Robert E. Farrell, of Defender Project, of Mt. Vernon, (Edith L. James, of counsel,) for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville, (James W. Jerz and Robert J. Morrow, both of Model District State's Attorneys Office, of counsel,) for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

The defendant is appealing the denial of his petition for post-conviction relief by the trial court. The defendant was found guilty of the charge of burglary by a jury in the Circuit Court of Madison County. He was sentenced to serve a term of from four to eight years and on June 4, 1970 he filed a petition for post-conviction relief through his two appointed attorneys. On September 11, 1970 the trial court judge denied all the relief prayed for and this is an appeal from that denial.

■■ A petition in a post-conviction proceeding must make a showing that the petitioner's constitutional rights have been violated and it is not sufficient that there be a mere allegation arriving at the conclusion that such rights have been violated. *People v. Ashley,* 34 Ill.2d 402, 216 N.E.2d 126, 131; *People v. Reeves,* 412 Ill. 555, 560, 107 N.E.2d 861.

■■ A post-conviction proceeding is civil in nature and thus the petitioner has the burden of proving his allegations by a preponderance of the evidence. *People v. Alden,* 15 Ill.2d 498, 155 N.E.2d 617, 620.

The petitioner's initial allegation is that he was in a drugged condition at the time of his trial and was unable to confront the witnesses against him thus violating his rights under the Sixth and Fourteenth Amendments to the United States Constitution. It appears that the trial was originally scheduled for May 13, 1969, but due to an illness of the defendant two continuances were granted until May 16, 1969.

Petitioner had been suffering from a hemorrhoid condition and because of this, his trial was continued from May 13, 1969 until May 16, 1969. The physician who treated petitioner for his condition testified at the post-conviction hearing and stated that he gave a pill to the jailor with instructions that it be given to the petitioner the evening of May 15, 1969. The physician stated that the effects of the pill would last for two to four hours and would help relieve any pain the petitioner might have been experiencing. The physician also stated that he had seen the petitioner through coincidence on the morning of May 16, 1969, the day of petitioner's trial, and the petitioner appeared normal to him.

Petitioner presented several witnesses, among them fellow inmates of the Madison County jail, including petitioner's brother who stated that petitioner was "high" on pills the day of his trial. They stated that petitioner's speech was slow and slurred and that the jailor had given him a handful of pills before breakfast the day of his trial.

██ Petitioner's trial had been delayed for three days because of his illness. Petitioner had counsel and counsel, as well as the judge, knew that the petitioner had been ill for several days. Under these circumstances they would have had reason to observe his condition and thus it does not appear that he could have been as "high" as he alleges he was without this being noticed. There was ample evidence to support the trial judge's conclusion on this point and we shall not interfere with his discretion. *People v. Caise,* 38 Ill.2d 486, 231 N.E. 2d 596, 598.

Petitioner's second contention is that he was denied a fair trial because he was deprived of an opportunity to obtain counsel of his choice. The record indicated that John Raffaille, the attorney of petitioner's choice, appeared at petitioner's preliminary hearing and denied representing petitioner. Petitioner apparently was unable to persuade Mr. Raffaille to represent him.

Petitioner did accept the Public Defender as his attorney. On the morning of the trial defendant requested other counsel and at that time, the court held that the request came too late. Other than his own statements to the effect he was denied access to counsel, the record is barren of any evidence to support his allegation that he was denied access to counsel. We agree that the petitioner failed to sustain his burden of proof on this contention.

914

Petitioner's final allegation is that he was prevented from obtaining his own counsel because of a sudden increase in his bond. The record reveals that petitioner's bond was increased from $5,000.00 to $7,500.00 three weeks after his conviction. The petitioner has failed to sustain the burden of proof required by the Illinois Post-Conviction Act. Finding no error we affirm.

Affirmed.

EBERSPACHER, P. J., and G. MORAN, J., concur.