THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALLISON HOFFMAN, Defendant-Appellant.

(No. 59871; ▮▮▮▮▮)

First District (2nd Division)—December 17, 1974.

Paul Bradley and Allen L. Wiederer, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Raymond J. Prosser, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This is an appeal from an order entered in a proceeding under the Post-Conviction Hearing Act. On State and Federal constitutional grounds, appellant Allison Hoffman, acting as his own counsel, filed a petition in which he sought to set aside an armed robbery conviction and a sentence of 15 to 30 years. Appellee State of Illinois moved to dismiss. The trial court sustained the motion and without an evidentiary hearing, denied post-conviction relief. In seeking reversal of the order, appellant has been represented in this court by the Illinois State Appellate Defender who has filed a brief presenting two issues for our review. (1.) Whether the pro se post-conviction petition alleged facts which show that in the trial leading to his conviction and incarceration, appellant was denied due process of law and penalized for exercising his right to a trial by jury. (2.) Whether appellant was denied effective assistance of counsel in his post-conviction proceeding. In addition, appellant requested, and we allowed him leave to file a typewritten pro se brief in order that he may present four additional issues which he insists should be resolved by this court. These issues, which we will state as we resolve them, arise from the following facts.

On April 28, 1969, two indictments were returned against appellant and Arnold Vitek who, a short time before, was appellant's employer. One indictment charged them with murder and the other with armed robbery. On July 1, 1969, Vitek, with counsel of his choice, appeared before Judge L. Sheldon Brown and pled guilty to the armed robbery indictment. After hearing evidence in aggravation and mitigation and con-

sidering a recommendation of the State that Vitek be sentenced to a term of not less than 4 nor more than 7 years, the court sentenced him to serve 3 to 6 years. The murder indictment was nolle prossed by the State. Thus, the charges against Vitek were disposed of.

Those against appellant, however, were not. In fact, it was on October 4, 1969, a little more than 3 months after Vitek was sentenced, that appellant was arrested in Indianapolis, Indiana. He waived extradition and was brought to Cook County, Illinois, where, on October 14, 1969, he was arraigned on the two charges. At his request, counsel was appointed for him, and on July 27, 1970, before Judge Edward E. Plusdrak and a jury, he was tried on the indictment that charged armed robbery. The jury found him guilty, and after hearing and overruling post-trial motions, the court conducted a hearing in aggravation and mitigation. No one told Judge Plusdrak about Vitek or the sentence he had received. At the conclusion of the hearing, appellant was sentenced to serve not less than 15 nor more than 30 years. He was advised of his right to appeal, and, after exercising that right, the public defender of Cook County was appointed to represent him in this court.

While his appeal was pending, appellant filed a pro se petition under the provisions of the Post-Conviction Hearing Act.[1] In his petition, appellant alleged that he was tried and found guilty of armed robbery by a jury; that before his trial, prosecutors indicated to him that if he would plead guilty to armed robbery and murder, they would recommend to the court a sentence of 14 years to 14 years and 1 day, but if he did not so plead, they would recommend 25 to 50 years on the armed robbery charge; that the prosecutors had initially indicated to appellant and his counsel that they would proceed against him first on the murder indictment so as to maneuver him into pleading guilty to both murder and armed robbery, but later, they decided to proceed with the lesser charge; that appellant elected to stand trial; that the armed robbery for which he was tried involved a concert of action between him and Arnold Vitek; that Vitek had pled guilty to the armed robbery charge and received a sentence of 3 to 6 years; that Vitek did not aid in appellant's prosecution; that Vitek and appellant participated equally in the commission of the armed robbery; that no violence was involved in the robbery; that Vitek

---

[1] The Act provides that "[a]ny person imprisoned in the penitentiary who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of the State of Illinois or both may institute a proceeding under this Article." Ill. Rev. Stat. 1971, ch. 38, par. 122—1.

Sections 122—2 and 122—7, inclusive, contain the provisions that detail contents of the petition and the right of review of a final judgment entered upon a petition. See Ill. Rev. Stat. 1971, ch. 38, pars. 122—2 to 122—7.

was appellant's employer prior to the offenses in question; that he and Vitek had similar criminal records;[2] that at the hearing in aggravation and mitigation following appellant's jury trial, his attorney, a court appointed counsel, did not bring to the sentencing judge's attention the fact that Vitek had earlier pled guilty and had been sentenced for the same offense for which appellant was convicted; that appellant was sentenced to a term of 15 to 30 years for the same offense for which Vitek received 3 to 6 years; that, therefore, the harsher sentence imposed on appellant was a penalty for his having exercised his constitutional right to a jury trial; and that imposition of a harsher sentence on those who exercise the constitutional right to trial by jury, under the circumstances of this case, will discourage others from exercising that right.

While this petition was pending, we affirmed appellant's conviction for armed robbery. (*People v. Hoffman,* 7 Ill.App.3d 146, 287 N.E.2d 219.) A short time after that affirmance, the State moved to dismiss the petition, asserting (1) its allegations failed to raise any constitutional questions; (2) the allegations that might raise constitutional questions were bare and insufficient to require a hearing; and (3) the doctrine of res judicata barred consideration of appellant's claims.[3] The motion to dismiss was heard. At the hearing, two assistant public defenders appeared with the request that they be relieved of the responsibility of representing appellant. They gave as their reason his refusal to cooperate with them. The request was denied, with the trial court instructing the lawyers to remain in the case as appellant's advisors. Appellee's motion to dismiss was then sustained, and the relief prayed for in the petition was denied. We now turn to the issues presented.

## I.

■■ A sentence imposed on a defendant as punishment because he exercised the right to a trial by jury is a constitutional deprivation. (*Peo-*

---

[2] Vitek had been found guilty of petty larceny, larceny of an auto, robbery, assault to commit murder, conspiracy to commit larceny, robbery and armed robbery; appellant had been found guilty of auto theft, theft, petty larceny, assault to kill, vagrancy, petty theft and disorderly conduct.

[3] In this regard, we note that neither Vitek's sentence nor a transcript of the hearing in aggravation and mitigation of his offense was part of the record on appeal of appellant's conviction. Hence, the constitutional deprivation asserted here could not have been made there because direct review is limited to what appears in the trial record. (*People v. Jackson,* 28 Ill.2d 37, 190 N.E.2d 823; see *People v. Forbis,* 12 Ill.App.3d 536, 298 N.E.2d 771; *People v. McCarroll,* 10 Ill.App.3d 249, 294 N.E.2d 52.) Therefore, we reject the State's contention that res judicata is applicable to this case. We are now of the view that in proceedings such as these, the invocation of res judicata warrants closer scrutiny. See *People ex rel. Williams v. Brantley* (7th Cir. 1974), 502 F.2d 1383.

*ple v. Dennis,* 14 Ill.App.3d 493, 494, 302 N.E.2d 651.) And, as a principle of our criminal justice system, it is said that fundamental fairness and respect for our laws require that similarly situated defendants not receive grossly disparate sentences. (*People v. Henne,* 10 Ill.App.3d 179, 293 N.E.2d 172; *People v. Haynes,* 132 Ill.App.2d 130, 266 N.E.2d 172.) However, mere disparity between the sentences imposed on a defendant who stands trial and another who pleads guilty does not of itself require action by a reviewing court; it is the reason or the absence of any reason for the disparity that is controlling. *People v. Martin,* 47 Ill.2d 331, 339, 265 N.E.2d 685.

■■ A petitioner for post-conviction relief who relies on a disparity between sentences to support his claim of constitutional deprivation must allege facts and point to a record which reflects that the sentence imposed on him was a punishment. In other words, the mere fact that a post-conviction petitioner received a greater sentence after a trial by jury than did a codefendant who had pled guilty does not justify the conclusion that the greater sentence was imposed because of the election to stand trial. *People v. Sanders,* 129 Ill.App.2d 444, 263 N.E.2d 615; *People v. King,* 4 Ill.App.3d 942, 282 N.E.2d 252.

This is not an appeal from a final judgment in a criminal case. It is an appeal from an order entered in a collateral proceeding, a post-conviction petition. A petitioner who seeks relief from his conviction in such a proceeding must allege facts which, if proven, would show that his constitutional rights were violated; allegations under oath of mere conclusions to that effect will not suffice. (*People v. Reeves,* 412 Ill. 555, 107 N.E.2d 861; *People v. Durham,* 10 Ill.App.3d 911, 295 N.E.2d 298.) For example, a petition which alleged that the trial judge sent an appointed lawyer to offer the petitioner a certain sentence in consideration for his guilty plea was insufficient to require a hearing in the absence of allegations which state how the information was imparted to the petitioner and which charge that negotiation for the plea was initiated by the trial judge, or that the sentence was recommended by him rather than by defense counsel or the State's Attorney. (See *People v. Pierce,* 48 Ill.2d 48, 268 N.E.2d 373.) It has been uniformly held that a pro se post-conviction petition which alleges only legal conclusions is insufficient to require an evidentiary hearing. *People v. Stoudt,* 45 Ill.2d 118, 257 N.E.2d 110; *People v. French,* 46 Ill.2d 104, 262 N.E.2d 901; *People v. Goerger,* 52 Ill.2d 403, 288 N.E.2d 416.

In the case before us, appellant's pro se petition does not allege any fact which would show that the sentence imposed on him was a punishment because he elected to go to trial before a jury. It is admitted that he did not, nor did anyone for him, tell the trial judge about Vitek

.or the 3 to 6 years' sentence he had received. In fact, the record of the armed robbery trial shows that the sentence of 15 to 30 years was imposed because of appellant's crime and his long criminal record; seven convictions, one involving an attempt to kill a police officer. It also discloses that at the conclusion of the aggravation and mitigation hearing, appellant asked the trial judge to explain what he was trying to accomplish by the sentence he was going to impose. The judge replied:

> "I will tell you what I hope to accomplish, to get you out of the way, out of circulation, so people who are innocent bystanders or customers in a store don't have to be frightened with some guy pointing a gun in their stomach and saying, 'Keep your mouth shut.' That's the problem. You've got a streak in you where you like to play with guns, and that becomes extremely dangerous when they are loaded.
>
> The sentence will be 15 to 30 years in the Illinois State Penitentiary. As you say, the parole board may let you out. You apparently know the answers. But that will be left to their discretion."

■■ Therefore, the record of appellant's conviction shows the reasons for the sentence he received. It is clear that his pro se post-conviction petition did not and, indeed, could not allege facts which show that in the trial that led to his conviction and incarceration, he was denied due process of law and penalized for exercising his right to a trial by jury.

## II.

In *People v. Hoffman,* 7 Ill.App.3d 146, 287 N.E.2d 219, we affirmed the armed robbery conviction and sentence which appellant sought to set aside by these post-conviction proceedings. Therefore, the record of his trial is part of our own. Generally, we know our own records, and, in an appeal, we will take notice of them. (*People v. Bernovich,* 403 Ill. 480, 87 N.E.2d 609.) Accordingly, we have examined the record of appellant's trial and observe a consistent tendency on his part to distrust lawyers. For example, when he was charged with attempting to kill a police officer in Ohio, he refused appointment of counsel and insisted on representing himself. In his armed robbery trial, he insisted on having a hand in his defense. In this appeal, he has asked us to allow a pro se brief, although capable lawyers have filed one for him.

In his post-conviction petition which, as far as we can tell, was prepared by him, appellant impugned almost all the lawyers of this community when he said, "I don't have an attorney to represent me in this matter and I don't want any, especially one from the Cook County public defender's office or the Chicago Bar Association. If you appoint an attorney from either of these offices, I won't talk to them or answer their

letters. I realize that I've probably missed some issues that could have been presented in this petition and I waive them if I don't. However, having an attorney from one of these organizations is tantamount to waiving them anyway, so it doesn't make any difference."

We are constrained to doubt that among the more than 10,000 able and conscientious lawyers about whom appellant spoke, one could not be found to represent him. In any event, despite his assertions, the trial court appointed the public defender of Cook County as his post-conviction counsel, and on the day the motion to dismiss was heard, two lawyers were in court on his behalf. They reported to the trial judge that they had interviewed appellant in the penitentiary, but that he had refused to cooperate with them. For this reason, they asked for leave to withdraw. The trial judge denied the request and ordered the lawyers to remain in the case as appellant's advisors. Then, the court sustained appellee's motion and dismissed the petition. Thereafter, no amendment was offered nor did the public defender make any effort to obtain appellant's cooperation so that an amended petition could be filed. It is now alleged for appellant that he was denied effective assistance of counsel in his post-conviction proceeding because it is not shown in the record that his court appointed lawyers read the transcript of his trial, amended his pro se petition, attached affidavits to it, offered any evidence in its support or filed the certificate required by Supreme Court Rule 651(c). See *People v. Slaughter*, 39 Ill.2d 278, 235 N.E.2d 566; Ill. Rev. Stat. 1971, ch. 110A, par. 651(c).

■■ In our opinion, this argument totally lacks merit. It does not appear that appellant's petition could have been amended. Where no amendment, no matter how skillfully drawn, can overcome the deficiencies of a post-conviction petition, the petitioner is not denied effective assistance of counsel because his pro se petition was not amended. (*People v. Goodwin*, 5 Ill.App.3d 1091, 284 N.E.2d 430.) Moreover, "[w]here a petitioner refuses, as here, to co-operate with counsel he cannot properly complain of possible inadequacy of representation which is attributable to his own deliberate conduct." *People v. Curtis*, 48 Ill.2d 25, 30, 268, N.E.2d 29.

## III.

The first of the four issues appellant presents in his pro se brief is whether, within the meaning of the equal protection clause of the 14th amendment, a defendant represented by appointed counsel in a court where plea bargaining is an accepted practice is entitled to the same sentence imposed on his co-defendant who was represented by counsel of his choice, pled guilty and was given a more favorable term of imprisonment as his punishment. We observe that the affirmative of the

issue is urged by appellant with respectful candor, but with insistence that it is an important one. In our judgment, this issue has been resolved against appellant by reviewing courts of this and other jurisdictions.

In *Williams v. Illinois* (1970), 399 U.S. 235, 26 L.Ed.2d 586, 90 S.Ct. 2018, it was said that "[s]entencing judges are vested with wide discretion in the exceedingly difficult task of determining the appropriate punishment in the countless variety of situations that appear. The Constitution permits qualitative differences in meting out punishment and there is no requirement that two persons convicted of the same offense receive identical sentences." (399 U.S. 235, 243.) Therefore, "[t]he belief no longer prevails that every offense in a like legal category calls for an identical punishment without regard to the past life and habits of a particular offender." *Williams v. New York* (1949), 337 U.S. 241, 247, 93 L.Ed. 1337, 1342, 69 S.Ct. 1097.

■■ Going from constitutional considerations to the provisions of our criminal law, the 4th District Appellate Court of this State held in *People v. Tice*, 89 Ill.App.2d 313, 231 N.E.2d 607, that "equality of sentencing is not mandated by our Code of Procedure and clearly not required in the case of unequal offenses or unequal rehabilitation prospects of offenders." (89 Ill.App.2d 313, 317-18.) Consistent with this holding, we said in *People v. Robinson*, 3 Ill.App.3d 267, 278 N.E.2d 137, that "[u]nder our law guilt is personal; sentence is individual. One purpose of our criminal code is to '[p]rescribe penalties which are proportionate to the seriousness of offenses and which permit recognition of differences in rehabilitation possibilities among individual offenders * * *.' [Citation.] Our system of criminal justice does not contemplate that in every case there be similar punishment of persons similarly guilty of the same offense." (3 Ill.App.3d 267, 272.) Therefore, we conclude that whether considered from the viewpoint of the Federal constitution or our code of criminal procedure, a defendant represented by appointed counsel in a court where plea bargaining is an accepted practice is not entitled to the same sentence imposed on his codefendant who, represented by counsel of his choice, pled guilty and was given a more favorable term of imprisonment as his punishment. Many variables play a part in determining the punishment to be imposed in a given case. Modern penology teaches that punishment should fit the offender, not merely the crime. If a sentence is to fit one of several offenders, a lesser punishment of one does not impeach a greater sentence imposed on another. *People v. Cox*, 119 Ill.App.2d 163, 167, 255 N.E.2d 208.

IV.

■■ As the second issue presented in his pro se brief, appellant asks us to decide whether his sentence of 15 to 30 years for armed robbery, im-

posed after a jury trial, is excessive when compared with the sentence of 3 to 6 years imposed on his co-defendant who pled guilty. We do not think it is. The difference between two sentences imposed in the same case can be the difference in the criminal records of the defendants involved. (See *People v. Newberry*, 1 Ill.App.3d 251, 273 N.E.2d 205.) We have examined the record of Vitek's conviction and we conclude that his criminal record, coupled with the fact that he pled guilty, justified the sentence he received. That sentence does not make excessive the one to which appellant was subjected. A sentence is excessive only when it cannot be justified by any reasonable view which may be taken of the record. (*People v. Dalton*, 12 Ill.App.3d 1097, 299 N.E.2d 352, (abstract opinion).) In our opinion, the record of appellant's conviction reveals many factors concerning him and the crime which reasonably justify the sentence of 15 to 30 years for armed robbery imposed on him by the trial court.

## V.

The third issue that appellant presents is whether his pro se petition alleged facts which show that, in violation of his constitutional rights, the armed robbery sentence of 15 to 30 years was imposed because he refused to plead guilty to another offense. We are not told what was the other offense. We assume it was the accompanying charge of murder. In any event, it is well established that a defendant should not be punished by a heavier sentence merely because he exercised his constitutional right to be tried by an impartial judge or jury. (*People v. Morgan*, 14 Ill. App. 3d 232, 302 N.E.2d 152.) A judgment of conviction in a record reflecting this fact will be reversed. *People v. Moriarty*, 25 Ill.2d 565, 185 N.E.2d 688.

■■ However, the claim that a sentence was imposed as a punishment because the defendant invoked his right to a trial must be supported by evidence that clearly establishes this fact. (*People v. Jackson*, 9 Ill.App.3d 1020, 293 N.E.2d 665 (abstract opinion).) This does not appear in the case before us. Other than appellant's bald conclusional statement to that effect, there is no allegation in the petition, nor is there anything in the record, which will support the suggestion that he was sentenced because he refused to plead guilty to another offense. Unsupported conclusional statements in a petition for post-conviction relief are insufficient to require an evidentiary hearing under the Post-Conviction Hearing Act. *People v. Morris*, 43 Ill.2d 124, 251 N.E.2d 202; see *People v. Guzman*, 17 Ill.App.3d 623, 308 N.E.2d 159 (abstract opinion).

## VI.

The fourth and final issue presented in appellant's pro se brief is whether sentences imposed in the criminal courts of Cook County are so

capriciously and haphazardly determined that his sentence of 15 to 30 years is cruel and unusual punishment. No facts are alleged in appellant's petition which would tell us how criminal court sentences in Cook County are capriciously and haphazardly determined. Nonetheless, we will say without deciding that imposition in state courts of capricious and haphazard sentences would raise constitutional questions under the provisions of the eighth amendment to the Constitution of the United States. This much, in our view, is suggested in *Furman v. Georgia* (1972), 408 U.S. 238, 33 L.Ed.2d 346, 92 S.Ct. 2726, and *Robinson v. California* (1962), 370 U.S. 660, 8 L.Ed.2d 758, 82 S.Ct. 1417.

■■ However, there is nothing either in appellant's petition or in the record to suggest that his sentence was capriciously and haphazardly determined. The terms of the sentence were within the limits of the statute. Therefore, allegations concerning its imposition raised no issue that was cognizable under the Post-Conviction Hearing Act. (*People v. Ballinger*, 53 Ill.2d 388, 292 N.E.2d 400.) We conclude that no showing is made by appellant that sentences imposed by criminal courts in Cook County are so capriciously and haphazardly determined that his armed robbery sentence of 15 to 30 years is cruel and unusual punishment.

For the reasons we have given in resolving the issues he and his appellate counsel have presented, we affirm the order dismissing appellant's pro se post-conviction petition.

Affirmed.

HAYES, P. J., and DOWNING, J., concur.