THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* IRA J. COLEMAN, Petitioner-Appellant.

(No. 60557; ▮▮▮▮)

First District (5th Division)—October 10, 1975.

Paul Bradley and Patrick J. Hughes, Jr., both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and John T. Theis, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Defendant appeals from the dismissal of his post-conviction petition without an evidentiary hearing and the denial of his petition for substitution of judges. Defendant, along with Ben Arnold and Fred Thompson, was indicted for the murder of defendant's wife. On July 17, 1969, Arnold and Thompson pleaded guilty and were sentenced. On the same day defendant signed a jury waiver and proceeded to a bench trial before Judge Minor K. Wilson. Arnold and Thompson testified for the State. On July 25, 1969, defendant was found guilty and sentenced to a term of 40 to 60 years. On direct appeal the Supreme Court affirmed the conviction. (*People v. Coleman,* 49 Ill.2d 565, 276 N.E.2d 721.) Defendant then filed a pro se post-conviction petition (Ill. Rev. Stat. 1971, ch. 38, par. 122—1) and subsequently the Public Defender filed both a supplemental petition and a petition for substitution of judges in his behalf. The State filed an answer and a motion to dismiss. After a hearing on that motion, Judge Wilson dismissed both petitions. On appeal defendant contends that it was error to dismiss the petitions.

Defendant claimed that his jury waiver was coerced by conversations *dehors* the record. In support of that allegation various affidavits were filed, including that of Warren Wolfson, defendant's trial counsel. It stated that Assistant State's Attorney William Wise told him that should the case proceed to trial with a jury, the State would ask for the death penalty. No such request would be made if the case proceeded to a bench trial. Attorney Wolfson also stated that the "fourth term" (120-day period in which the State must bring a case to trial) was about to end when the case was scheduled for trial. He and his client had planned to proceed with a jury trial before Judge Wilson but were informed that the judge could not preside over a jury trial as he was about to leave town. Judge Wilson did state that he would be able to hear the case if a jury

was waived. Wolfson met with Chief Judge Boyle and was informed that only Judge Delaney would be available to preside over an immediate jury trial. Defendant was informed of the situation and decided not to ask for a continuance but rather chose to proceed immediately to a bench trial before Judge Wilson because "he liked Judge Wilson and wanted him to hear the case." Defendant also filed the affidavits of two relatives which stated that Attorney Wolfson had told them that a bench trial was acceptable because the State's case against defendant was weak.

The State filed the affidavit of former Assistant State's Attorney William Wise which denied ever using the death penalty as a threat in order to force defendant to waive a jury trial.

As the basis of his petition for substitution of judges defendant stated in his supplemental petition that "it is *believed* by the petitioner" that Judge Wilson was party to an improper conversation with defendant's fellow prisoner, Robert Walton. In support, the affidavit of another fellow prisoner, Robert Curtis, was filed. It alleged that shortly before defendant's trial, an unnamed Assistant State's Attorney visited his tier and talked to Walton; that immediately thereafter, the Assistant State's Attorney asked Curtis to corroborate testimony that was going to be given (by Walton) that defendant had attempted to suborn his fellow prisoners; and that he (Curtis) refused to help the Assistant State's Attorney. It is important to note that Curtis' affidavit also states that "he could not swear" to the actual occurrence of any conversation between Walton and Judge Wilson. Attorney Wolfson filed a Habeas Corpus ad Testificandum as to Curtis but did not call him as a witness.

The supplemental petition also alleges that Walton was cooperating with the State's Attorney in another matter and had an opportunity to converse with Judge Wilson when, on July 24, 1969, his case was called before Judge Wilson and continued.

The State filed the affidavits of the two Assistant State's Attorneys in the case, in which they both denied ever talking with Walton or Curtis concerning defendant's case.

OPINION

■■ Defendant first contends that his constitutional right to a trial by jury was violated because his jury waiver was coerced by the State's Attorney's conditioned leniency concerning the death penalty. We disagree. Even if the waiver was totally predicated upon the fear of a potential death sentence, we find that, in itself, is not a denial of defendant's rights. It is well established that a defendant's constitutional rights are *not* violated when he pleads guilty, thereby giving up the right to any trial, in order to limit the possibility of receiving the death penalty.

(*Brady v. United States*, 397 U.S. 742, 25 L.Ed.2d 747, 90 S.Ct. 1463; *People v. Scott*, 49 Ill.2d 231, 274 N.E.2d 39.) We believe that the prospect of the same limitation will not invalidate a jury waiver. Moreover, a careful inspection of the affidavits supports the State's claim that defendant's jury waiver was based either on a desire for an immediate trial before a certain judge or a trial tactic advised by his attorney.

■■■ As to defendant's second contention that Judge Wilson erred in not recusing himself, we find that it is also without merit. The right to a substitution of judges at a post-conviction proceeding is not a matter of absolute right. (*People v. Wilson*, 37 Ill.2d 617, 230 N.E.2d 194.) Unless it is shown that substantial prejudice to the defendant will result, the same judge who presided over defendant's trial shall hear his post-conviction petition. (*People v. Mamolella*, 42 Ill.2d 69, 245 N.E.2d 485.) To establish a constitutional violation a defendant must allege *facts* which, if true, would show prejudice or bias on the part of the trial judge. (*People v. Evans*, 37 Ill.2d 27, 224 N.E.2d 778.) A mere conclusion, even though under oath, is not sufficient to establish the violation of any constitutional right. (*People v. Hoffman*, 25 Ill.App.3d 261, 322 N.E.2d 865.) As previously noted, Robert Curtis' affidavit does not contain any positive allegation of *fact* as to any conversation between Judge Wilson and Walton; it is based on belief—to which defendant was unwilling to swear. Additionally, the failure to attach a supporting affidavit of Walton, the alleged participant in the conversation with Judge Wilson, or to adequately explain its absence, will permit a dismissal of a petition where defendant's allegations are not substantially borne out. (*People v. Smith*, 40 Ill.2d 562, 241 N.E.2d 413.) Therefore, we affirm the order dismissing defendant's petitions.

Affirmed.

BARRETT, P. J., and LORENZ, J., concur.