THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.*
EUGENE HORTON *et al.*, Petitioners-Appellants.

First District (1st Division)    No. 76-390

Opinion filed April 11, 1977.

James D. Montgomery, of Chicago, for appellants.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Eugene Horton and George Horton, petitioners, were each found guilty at a jury trial of the offense of murder in violation of section 9—1 of the Criminal Code of 1961 (Ill. Rev. stat. 1969, ch. 38, par. 9—1). Each was sentenced to a term of 100 to 150 years in the penitentiary. After these judgments were affirmed on direct appeal to this court in *People v. Horton* (1973), 14 Ill. App. 3d 957, 304 N.E.2d 21, petitioners filed a petition for relief pursuant to the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1973, ch. 38, par. 122—1 *et seq.*) In their petition petitioners

contended that the sentences imposed upon them violated their right to due process of law and must be reduced to the sentence imposed upon an allegedly more culpable co-indictee, Felton Peck, Jr., who was tried separately from petitioners and received a substantially lighter sentence. After petitioners' petition was amended by privately retained counsel, the trial court, pursuant to the State's motion, ordered the amended petition dismissed without an evidentiary hearing. It is from this order that petitioners now appeal.

The petitioners' sole contention on appeal is that they were denied due process of law due to the gross disparity between their sentence and the sentence imposed upon the co-indictee, Peck.

We vacate our Rule 23 order dated January 10, 1977, and affirm the order of the circuit court.

Petitioners and Felton Peck, Jr., were charged with the murder of Terry Tomalak. The record discloses that the day of the murder, Tomalak, a case worker for the Cook County Department of Public Aid, was interviewing a woman and her children residing in an apartment in a Chicago Housing Authority building. An argument ensued between Tomalak and Peck, who, together with the petitioners' were present in the apartment at the time. After being knocked to the floor and while pleading for his life, Tomalak was beaten with bottles by Peck and petitioners. When the apartment occupant attempted to telephone the police, Peck restrained her and told her to watch them kill Tomalak. The record further discloses that, as Tomalak attempted to run for the door, Peck stabbed him in the back with a butcher knife. One of the petitioners was seen picking up the knife off the floor. Medical evidence disclosed 12 stab wounds to the back. The body was also bruised and swollen and bore choke marks about the neck.

Co-indictee Peck received a jury trial, separate from that of petitioners and presided over by Judge Epton. Peck was found guilty as charged and on August 4, 1971, was sentenced to a term of 100 to 150 years in the penitentiary. Petitioners also received a jury trial presided over by Judge Epton. On November 29, 1971, they too were sentenced to terms of 100 to 150 years in the penitentiary. Judge Epton heard evidence in aggravation and mitigation as to each man before imposing sentence; stated that co-indictee Peck was not a candidate for rehabilitation; and noted that the case as to the petitioners was no different from that of Peck. The judge characterized the instant homicide as a torture death rather than a simple murder.

An appeal from the judgments entered against petitioners resulted in affirmance of both the conviction and the sentences imposed. (*People v. Horton.*) This court specifically held that the sentences imposed upon petitioners were not excessive. 14 Ill. App. 3d 957, 964.

Subsequent to our affirmance of the *Horton* judgments, we also reversed and remanded the cause in an appeal from the judgment entered against Peck. (*People v. Peck* (1974), 18 Ill. App. 3d 112, 309 N.E.2d 346.) The basis for this court's reversal related to the questionable voluntariness of Peck's confession, which implicitly led the court to decline resolution of Peck's excessive sentence contention. Upon remand of the *Peck* case to the circuit court of Cook County, the matter was assigned to Judge Garippo. Peck there entered a negotiated plea of guilty to the charge of murder and was sentenced to a term of 14 years to 14 years and one day.

Petitioners' *pro se* post-conviction petition was filed subsequent to this court's affirmance of their judgments on the direct appeal but before its reversal and remandment of the *Peck* judgment. It was later amended by retained private counsel. The amended petition related solely to the question of whether petitioners were denied due process of law due to the gross disparity between their sentences and that of their co-indictee Peck, whom they claimed was more culpable. The amended petition recited that the question could not have been raised on the direct appeal from the judgment since it did not arise until after Peck was thereafter resentenced.

The State filed a motion to dismiss the amended petition, alleging that no constitutional issue was raised therein; that if such issue was raised, it was a bare allegation and did not require an evidentiary hearing; and that the claims advanced in the petition were barred by the doctrine of waiver and res judicata in that they could have been raised on the direct appeal. The State's motion to dismise further alleged that, even if the claims could not have been raised earlier, they did not present a constitutional question or did not present matters properly cognizable in post-conviction proceedings. The State's motion was allowed by Judge Epton and the post-conviction petition was dismissed without an evidentiary hearing.

On January 10, 1977, we affirmed the trial court's order pursuant to Supreme Court Rule 23 (Ill. Rev. Stat. 1975, ch. 110A, par. 23) and stated that an opinion in this case would have no precedential value. Petitioners have now filed, through retained private counsel, a petition for rehearing from this court's affirmance of Judge Epton's order dismissing their petition for post-conviction relief. Petitioners therein claimed that the issue raised in the primary brief on appeal was one of first impression in Illinois, and ask this court to reconsider its holding that an opinion in this case would have no precedential value. The balance of the petition for rehearing simply restates petitioners' position taken in their primary brief on this appeal, that is, that they were denied fundamental fairness in having been sentenced to a greatly higher term of years than their co-indictee Peck, who was similarly situated, and that their sentences should accordingly be reduced. Upon reconsideration of our Rule 23 order affirming the judgment of the trial court, we believe that due to the

circumstances and timing of the imposition of the sentences here involved, a unique factual situation, a full opinion is warranted. We therefore vacate our original Rule 23 order. However, for the reasons set forth below, we affirm the order of the trial court.

■■ One who seeks relief from a disparate sentence through post-conviction proceedings must allege facts which, if proven, indicate that his constitutional rights were violated in that regard, and the mere disparity of sentences between two persons similarly situated does not, of itself, require action by a reviewing court. (*People v. Hoffman* (1974), 25 Ill. App. 3d 261, 322 N.E.2d 865.) In *Hoffman*, the defendant filed a petition pursuant to the Post-Conviction Hearing Act which alleged that after a jury trial petitioner was found guilty of the offense of armed robbery and sentenced by the trial court to a term of 15 to 30 years; that another defendant, charged with the same offense, pled guilty and received a sentence of 3 to 6 years; and that, therefore, the petitioner was unconstitutionally penalized for exercising his right to a jury trial. In affirming the trial court's order dismissing Hoffman's petition, the Second Division of this court noted that the record of the petitioner's conviction showed the reasons for the sentence imposed upon him and that he failed to demonstrate in his post-conviction petition how he was denied due process of law in the proceedings which resulted in his conviction and incarceration. Likewise, in the instant case, Judge Epton, after presiding over two jury trials involving the presentation of considerable evidence as to the nature of the homicide, heard matters in aggravation and mitigation and determined that the petitioners and co-indictee Peck should be sentenced to terms of 100 to 150 years in the penitentiary. The sentences as to petitioners were upheld by this court on direct appeal as not excessive. The judgment against Peck, however, was reversed on the ground of a questionable confession and the cause was remanded for a new trial. This court's opinion in the *Peck* case contains the barest facts surrounding the homicide itself but details the evidence as it relates to the confession. In the latter posture, Judge Garippo accepted Peck's negotiated plea of guilty and imposed the sentence theretofore agreed upon, the judge expressly noting that he had read this court's decision in the *Peck* case and found that there was a factual basis for the plea. The record taken at that change of plea discloses that the trial court heard no other facts concerning the homicide, nor matters in aggravation and mitigation in open court. It must also be considered that the sentence imposed by Judge Garippo upon Felton Peck was pursuant to a negotiated plea, entered at a time when the State was faced with the possibility of proceeding to trial against him without the confession and several years after the incident. Significantly, in dismissing the post-conviction petition, Judge Epton remarked that Judge Garippo had

imposed a sentence on Peck based on the evidence before him. Judge Epton emphasized, however, that the petitioners' sentences were imposed solely on matters presented to him. Petitioners cannot complain that their constitutional rights were violated by the imposition of a lesser sentence upon co-indictee Peck, entered upon a plea of guilty under different conditions.

■■ Petitioners rely on *People v. Henne* (1973), 10 Ill. App. 3d 179, 293 N.E.2d 172, *appeal denied*, 53 Ill. 2d 609 (1973). In *Henne*, the court, faced with the disparate sentences on a direct appeal from the conviction, reduced Henne's sentence and held that the principle of fundamental fairness required that defendants similarly situated not receive grossly disparate sentences. However, the court in the later case of *People v. Hoffman* (1974), 25 Ill. App. 3d 261, 222, 322 N.E.2d 865, acknowledged the holding in *Henne* but noted further the distinction between direct appeals from convictions and appeals in collateral proceedings, which involve different standards. Furthermore, the facts in *Henne* are different from those in the case at bar. Henne received a sentence of 7 to 21 years and a co-defendant, tried with Henne and convicted of the same offense, received a sentence of 1 to 4 years. The court after reviewing the evidence presented at the hearings on aggravation and mitigation, noted that although the trial court could have imposed a greater sentence on Henne than on the co-defendant, the record did not justify the gross disparity in sentences. In the instant case, Peck's sentence was imposed after a negotiated plea of guilty entered at a time when the State was faced with going to trial several years after the offense was committed and without the aid of Peck's confession. Petitioners' sentences were imposed after a jury trial resulting in a verdict of guilty, and a lengthy hearing on aggravation and mitigation. Moreover, in an earlier decision of this court these sentences were held to be not excessive. We conclude that under these facts the petitioners and Peck are not similarly situated and that the instant case is distinguishable from *People v. Henne* (1973), 10 Ill. App. 3d 179, 293 N.E.2d 172.

For the above reasons, we vacate our Rule 23 order dated January 10, 1977 and affirm the order of the circuit court of Cook County.

Rule 23 order vacated; order affirmed.

GOLDBERG, P. J. and O'CONNOR, J., concur.