THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID GILDON, Defendant-Appellant.

Third District    No. 3—91—0968

Opinion filed January 6, 1993.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Burmila, Jr., State's Attorney, of Joliet (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

The defendant, David Gildon, was convicted of burglary (Ill. Rev. Stat. 1991, ch. 38, par. 19—1). He was sentenced to eight years' imprisonment. The defendant appeals his sentence.

The record reveals that Gildon and two codefendants, Walter Boykin and Ronald Jones, were charged with burglary. The charges stemmed from an incident occurring on June 28, 1991. On that date, at 2:30 a.m., some men were seen carrying something away from the garage of the victim, John Atkinson. The men were then seen entering a car, which subsequently drove away. Shortly thereafter, the police stopped the car in which Boykin, Jones, and Gildon had been riding. Inside the car, police found several tools which were identified as having been taken from Atkinson's garage. Based upon this evidence, the defendants were all found guilty of burglary.

Jones was sentenced to 48 months' probation conditioned upon serving six months in the county jail. Boykin was likewise sentenced to 48 months' probation, his being conditioned upon serving only 22 days in the county jail. Gildon, on the other hand, was sentenced to an extended term of eight years' imprisonment.

On appeal, Gildon first contends that his sentence was grossly disparate to the sentences of probation imposed on his codefendants. He also contends that his sentence was excessive. Since we agree that Gildon's sentence was disparate to those of his codefendants, we vacate on that ground and do not reach the issue of whether his sentence was excessive.

We begin by noting that it is not the function of a reviewing court to serve as a sentencing court, and, absent an abuse of discretion, a sentence will not be disturbed on review. However, fundamental fairness and respect for the law require that similarly situated defendants should not receive grossly disparate sentences. A disparate sentence may be supported by a more serious criminal record or greater participation in the offense. *People v. Milton* (1989), 182 Ill. App. 3d 1082, 538 N.E.2d 1227.

In the instant case, the defendants were approximately the same age. Additionally, they participated equally in the offense. However, as the State correctly points out, the defendants did have different prior criminal records. Gildon had a prior conviction for burglary. Boy-

kin had a prior conviction for retail theft. Jones had no prior convictions, but he committed the instant offense while on bond for a robbery charge that was still pending at the time he was sentenced for the instant offense.

The State contends that the differences in the defendants' criminal records justify the trial court's imposition of different sentences for each of the defendants.

We agree with the State that the differences between the defendants' records support different sentences. However, we find that the disparity between the sentences imposed was too great. (See *People v. Milton* (1989), 182 Ill. App. 3d 1082, 538 N.E.2d 1227; *People v. Henne* (1973), 10 Ill. App. 3d 179, 293 N.E.2d 172.) Accordingly, we vacate the defendant's sentence and remand this cause for a new sentencing hearing.

Sentence vacated and cause remanded.

STOUDER and McCUSKEY, JJ., concur.