(No. 42742.–

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ROBERT HARRIS, Appellant.

*Opinion filed October 2, 1972.*

JOHN POWERS CROWLEY, of Chicago (GORDON B. NASH, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and JAMES R. TRUSCHKE, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Robert Harris, was found guilty by a jury in the circuit court of Cook County of the offense of unlawful possession of a narcotic drug (heroin) and was sentenced to a term of not less than two nor more than four years in the penitentiary. A brief filed by counsel

raises issues which are hereafter discussed and two briefs filed by defendant *pro se* charge a number of trial errors which are reviewed to the extent that the record reflects any basis for considering them.

Chicago police officers Storck and Wilbon, who arrested defendant, testified that on the afternoon of February 22, 1968, they had observed defendant's automobile traveling at a high rate of speed and attempted to stop it. As the police car, with lights flashing and siren activated, approached defendant's car, defendant increased his speed and tried to elude the police vehicle. Both officers described a high-speed chase over a distance of three miles which ended when defendant's automobile struck a tree. Defendant was placed under arrest and taken to the district station for questioning. In a search made at the police station a hypodermic needle, tie rag, eye dropper and cellophane package of white powder identified as heroin were found in a pocket of his trousers. All these items were introduced into evidence. Police Officer Storck also testified that he observed "collapsed veins" in defendant's arms. Defendant offered no evidence at the trial.

Defendant contends first that the trial court erred in admitting testimony concerning the "collapsed veins" in his arms and the high-speed auto chase and in admitting into evidence the hypodermic needle, tie rag and eye dropper, and that the error was so prejudicial as to deprive him of due process of law.

Knowledge is an essential element of the offense of unlawful possession of narcotics. (*People v. Bussie, 41 Ill.2d 323.*) While this knowledge may frequently not be susceptible of direct proof, it may be proved by evidence from which the inference may fairly be drawn that the defendant knew the nature of the heroin found on his person. (*People v. Pigrenet, 26 Ill.2d 244.*) In *People v. Lewis, 25 Ill.2d 396,* we held that denial of defense counsel's request that an informer witness be ordered to

roll up his sleeves and exhibit his arms was reversible error. In *State v. Gaines, 223 La. 711, 66 So.2d 618,* a prosecution for unlawful possession of narcotics, the Supreme Court of Louisiana approved the admission into evidence of an empty narcotic bottle, eye dropper and a hypodermic needle as corroborative of the intentional possession of the narcotic and we are aware of no authority which holds such evidence to be inadmissible. We hold that the testimony concerning the condition of defendant's arms and the fact of his possession of the needle, tie rag and eye dropper were relevant to the question of knowledge and that the circuit court did not err in admitting the evidence.

We consider next defendant's contention that the admission of the testimony of the police officers concerning defendant's efforts to avoid arrest by speeding away from the officers was prejudicial error. Citing *State v. Green (Mo. 1951), 236 S.W.2d 298,* defendant argues that the evidence of flight was inadmissible for the reason that at the time of the arrest he was being sought on an armed robbery charge and that it was his desire to avoid being apprehended on that charge that motivated his flight rather than his wish to avoid arrest while in possession of narcotics. Evidence of flight is admissible as a circumstance tending to show consciousness of guilt. *People v. Wright, 30 Ill.2d 519; People v. Autman, 393 Ill. 262.* The record does not contain evidence to show that defendant attempted to flee for any reason other than consciousness of guilt of the offense of which he was convicted. *State v. Green* appears to be authority for the proposition that when a defendant is in custody on two or more charges, his escape is not relevant to the question of his guilt on any of them, but that is not the factual situation presented in this record.

Defendant contends next that the State's Attorney in closing argument commented about an earlier trial in which defendant had been convicted of armed robbery and

that the comment was improper and so prejudicial as to require reversal. The record shows that in cross-examination Officer Storck was asked what he had done with one of the People's exhibits taken during the search of the defendant. He answered and was then asked when he had next seen it. He replied: "It was probably at the Harris trial for robbery." A defense objection was sustained and the jury was instructed to disregard the answer. During closing argument the State's Attorney referred to the fact that there was mention made of testimony of the two police officers at a prior trial and remarked that nothing further was shown and that neither he nor the jury knew what was involved in the other trial. The People contend, and we agree, that this comment was made in response to argument of defense counsel in which he discussed a discrepancy in the testimony of Officer Storck at defendant's trial and at some unidentified occasion when the officer testified, also while under oath. We have read the arguments in their entirety and although it would have been preferable that neither remark be made, in the context in which the State's Attorney's comment was made it could not have been prejudicial.

Defendant contends next that when he appeared for preliminary hearing on the charge of which he was convicted in this case, the court, upon motion of the People, dismissed the complaint, and he argues that this dismissal bars further prosecution on this charge. The record shows that defendant was originally charged on a complaint, that before any preliminary hearing was held an indictment was returned and the complaint was dismissed. The record does not show any proceeding which supports defendant's contention that he was twice placed in jeopardy on this charge.

Defendant contends next that in violation of his constitutional rights he was denied the right to represent himself at trial. The record shows that the public defender was appointed to represent defendant. Defendant asked

that a private attorney be appointed. He was dissatisfied with the first appointed private attorney and dismissed him. Another attorney was appointed, and defendant subsequently filed a *pro se* motion to discharge him. Immediately prior to trial defendant was advised by the court that he could proceed *pro se* if he chose to do so but that he would be better served with counsel. The defendant then agreed to allow appointed counsel to "handle everything." The record therefore fails to support this contention.

Defendant contends next that his trial counsel was incompetent. The record shows that this contention is wholly without merit and that trial counsel, despite defendant's failure to cooperate, discharged his professional duties in a commendable manner.

Defendant contends finally that the sentence imposed is vague and indefinite. The record shows that in the hearing in aggravation and mitigation the trial court was advised that the defendant was then serving a sentence of not less than 6 nor more than 10 years imposed on June 25, 1968, upon defendant's conviction of armed robbery. In imposing sentence of not less than 2 nor more than 4 years the trial court said, "I will make the sentence consecutive." Obviously the court intended that the sentence be consecutive to the one which defendant was then serving and the written order entered by the court leaves no room for doubt since it refers specifically to the armed robbery case by number and to the date on which the sentence was imposed.

The record reflects no error which requires reversal, and the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*