THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LAWRENCE WATSON, Defendant-Appellant.

(No. 60170;

First District (4th Division)—May 14, 1975.

Paul Bradley and Margaret Maxwell, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Scott W. Petersen, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

The defendant was found guilty after a bench trial of attempt murder and armed robbery. He was sentenced to serve 4 to 12 years in the penitentiary on each charge, the sentences to run concurrently.

On September 17, 1972, at about 3:30 A.M., the complaining witness, Oddis Johnson, was driving southbound on Cicero Avenue. He stopped, and a man later identified as the defendant and a young lady asked Johnson for a ride. The trio proceeded North a short distance when the defendant, wanting to go into a tavern, asked Johnson to stop the car and then changed his mind. While Johnson drove East on Lake Street, defendant placed a 10-inch knife at Johnson's throat and demanded his money. The woman took Johnson's wallet and got out of the car. Defendant then ordered Johnson to lie down across the seat and stabbed him in the arm and hand. Defendant then came over to the front seat and the two began to fight. As the two got out of the car, the knife fell on the ground and Johnson picked it up. Johnson held the defendant until a Sergeant Lawrence Warner, a police officer, appeared and arrested the defendant.

Defendant presents two issues on appeal:

(1) The State failed to prove him guilty beyond a reasonable doubt of attempt murder and armed robbery; and

(2) The trial court erred in permitting the arresting officer and the complainant to testify that the defendant refused to deny accusations when he was in custody.

Defendant maintains that although in a bench trial the judge is the

trier of facts, it is the duty of the reviewing court to reverse a conviction where the evidence is unsatisfactory and unreasonable. *People v. Dawson*, 22 Ill.2d 260, 174 N.E.2d 817 (1961); *People v. Stevenson*, 11 Ill. App.3d 609, 297 N.E.2d 285 (1973); *People v. Novotny*, 41 Ill.2d 401, 244 N.E.2d 182 (1968).

The record points out many inconsistencies between the testimony of the complaining witness and the defendant. At the trial, the complaining witness claimed that the defendant attacked him in the course of the armed robbery. The defendant stated that he and the complainant were fighting because of a disagreement about the young lady who was accompanying the defendant that night. The complaining witness' testimony was corroborated by the testimony of Sergeant Lawrence Warner who arrived on the scene during the struggle, heard and observed what took place at the time.

We agree with the trial judge's ruling that defendant was guilty beyond a reasonable doubt of attempt murder. The issue here is credibility of witnesses. Resolution of any differences in the testimony of the witnesses is the proper function of the trial judge. Such determination will not be reversed on review unless so unsatisfactory as to leave a reasonable doubt of defendant's guilt. *People v. Stevenson*, 11 Ill.App.3d 609, 297 N.E.2d 285 (1973); *People v. Davis*, 10 Ill.App.3d 611, 295 N.E.2d 108 (1973); *People v. Novotny*, 41 Ill.2d 401, 244 N.E.2d 182 (1968).

The defendant attempted to flee the scene when Sergeant Warner arrived. Flight is a form of circumstantial evidence based upon the inference that such response has a reasonable relation to consciousness of guilt. (*People v. Harris*, 52 Ill.2d 558, 288 N.E.2d 385 (1972); *People v. Montgomery*, 16 Ill.App.3d 127, 305 N.E.2d 622 (1973).) Evidence of an accused's flight may be considered with other evidence tending to prove guilt. *People v. Rucker*, 9 Ill.App.3d 297, 297 N.E.2d 103 (1972).

■■ Sergeant Warner testified that the defendant was immediately identified by the complaining witness as the man who stabbed him. This immediate identification is admissible as a spontaneous declaration and is an exception to the hearsay rule. The identification meets the test of *People v. Poland*, 22 Ill.2d 175, 174 N.E.2d 804 (1961). (1) It must be an occurrence sufficiently startling to produce a spontaneous and unreflecting statement; (2) There must be an absence of time between the occurrence and the statement in which the victim might fabricate; and (3) The statement must relate to the circumstances of the offense.

It must be further noted that Sergeant Warner testified that there were bloodstains on the upholstery of the front seat of the car. This

observation confirms the testimony of the complaining witness that he was stabbed inside the car and not outside by the trunk, as claimed by the defendant.

We are also mindful of the fact that the defendant is a narcotics addict as he himself admitted. His testimony must be viewed with close scrutiny.

■■ We are satisfied that the defendant was proven guilty of attempt murder beyond any doubt.

■■ As to defendant's second issue on appeal that the trial court erred in permitting the complainant and the police officer to testify that the defendant refused to make a statement at the time he was taken into custody. We agree that the State does not have the right to elicit comments upon this defendant's silence. The admission of this evidence was improper and should not have been permitted. It is proper to presume that in a nonjury case, such as this case, the trial court considers only competent evidence in making his decision. In our opinion the error in admitting of this evidence was harmless.

The judgment of the trial court finding defendant guilty of attempt murder is affirmed and reversed as to the robbery charge.

Affirmed in part and reversed in part.

DIERINGER, P. J., and JOHNSON, J., concur.