THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GERALD P. COKLEY *et al.*, Defendants-Appellants.

First District (1st Division)   No. 62944

Opinion filed February 14, 1977.

James J. Doherty, Public Defender, of Chicago (James H. Reddy, Assistant Public Defender, of counsel), for appellants.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Joan S. Cherry, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BUA delivered the opinion of the court:

Gerald Cokley and James Gibbson, hereafter defendants, were indicted for burglary and theft. Following a bench trial each defendant was found guilty of burglary. Defendant Cokley was sentenced to one to three years and defendant Gibbson to two to six years in the penitentiary.

On appeal the defendants contend they were not proved guilty of burglary because the prosecution failed to prove, beyond a reasonable doubt, (1) the defendants presence at the scene of the crime; and (2) the requisite element of entry with intent to commit a felony or theft.

On February 11, 1975, at approximately 4:30 a.m., two uniformed Chicago police officers, in response to a call, drove to the Rocket City Liquor Store at 2158 West Madison. Officer Koehler testified that as he and his partner, the driver of their unmarked squad car, approached the open gate to the rear yard of the liquor store building he observed seven male Negroes [*sic*] standing therein. At that time Officer Koehler also saw five large cardboard boxes scattered around the backyard near where the men were standing. As the officers approached, the seven men very quickly scattered and fled; five going in one direction and two going in the opposite direction. Officer Koehler testified that he chased two men, whom he later identified in court as the defendants, approximately two blocks. The defendants entered a lot, vacant except for a parked car, and attempted to hide underneath the car. While in the process of attempting to conceal themselves, the defendants were arrested. Officer Koehler stated that at no time during the chase did he lose sight of the defendants.

Ernestine Ferrarini, the owner of Rocket City Liquors, testified that when she closed and locked the store at 8 p.m., on February 10, 1975, the building was secure and the inventory intact. When she returned the following morning she found that the back door had been broken, there was a gaping hole in the store's ceiling, and large stocks of inventory and other property were missing.

Following denial of their motions for a directed finding of acquittal at the close of the State's case the defendants elected to rest. The court heard closing arguments and found the defendants guilty of burglary.

■■■ The defendants' initial contention on appeal is that the State failed to prove that they were present at the scene of the burglary. Section 19—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 19—1(a)) defines burglary as follows:

> "A person commits burglary when without authority he knowingly enters or * * * remains within a building * * * or any part thereof, with intent to commit therein a felony or theft."

Burglary may be proved and a conviction sustained by circumstantial evidence and inferences drawn therefrom. (*People v. Palmer* (1964), 31 Ill. 2d 58, 198 N.E.2d 839.) However, it is essential to a conviction upon circumstantial evidence that the facts proved be not only consistent with the defendant's guilt, but that they be inconsistent, upon any reasonable hypothesis, with his innocence. (*People v. Branion* (1970), 47 Ill. 2d 70, 265 N.E.2d 1; *People v. Wilson* (1948), 400 Ill. 461, 81 N.E.2d 211.) The circumstantial evidence must be of such a character that the trier of fact is

convinced beyond a reasonable doubt of the defendants' guilt. (*People v. Colby* (1963), 27 Ill. 2d 273, 189 N.E.2d 317.) Flight from the scene of a crime is a form of circumstantial evidence based upon the inference that such a response has a reasonable relation to consciousness of guilt; and the evidence of an accused's flight may be considered with other evidence tending to prove guilt. (*People v. Watson* (1975), 28 Ill. App. 3d 786, 329 N.E.2d 512; *People v. Harris* (1972), 52 Ill. 2d 558, 288 N.E.2d 385.) The Illinois Supreme Court has defined flight as "not merely a leaving, but a leaving or concealment under a consciousness of guilt and for the purpose of evading arrest." (*People v. Herbert* (1935), 361 Ill. 64, 73-74, 196 N.E. 821, 825.) The record manifests sufficient evidence to support the trial court's findings that the defendants were present in the yard at the scene of the burglary and that they fled therefrom and attempted to conceal themselves in order to avoid arrest. Where, as here, a cause is tried without a jury the determination of the credibility of the witnesses and the weight to be accorded their testimony is committed to the trial judge. (*People v. West* (1958), 15 Ill. 2d 171, 154 N.E.2d 286.) A reviewing court will not substitute its judgment for that of the court below unless the finding of the trial court is based upon insufficient or unsatisfactory evidence. (*People v. Crenshaw* (1959), 15 Ill. 2d 458, 155 N.E.2d 599; *People v. West.*) The trial court in the present case accepted the witnesses' testimony as true and there is no basis in the record for substituting our judgment for his. Accordingly, we conclude that the finding of the trial court that the defendants were present at the scene of the burglary was proper and substantiated by the evidence.

■■■ Finally, defendants contend that the State failed to prove the requisite element of entry with intent to commit a felony or theft. Entry and the manner thereof, as well as intent to commit a felony or theft may be inferred from the facts in evidence. (*People v. Holmes* (1970), 127 Ill. App. 2d 209, 262 N.E.2d 45; *People v. Craig* (1969), 117 Ill. App. 2d 411, 254 N.E.2d 581; *People v. Jackson* (1968), 98 Ill. App. 2d 296, 240 N.E.2d 482; *People v. Underhill* (1967), 38 Ill. 2d 245, 230 N.E.2d 837, *cert. denied*, 391 U.S. 912, 20 L. Ed. 2d 651, 88 S. Ct. 1803.) Since the crime of burglary is complete upon the entering with intent to steal, it is not essential to allege or prove that anything was taken, or that the defendants were in possession of any of the proceeds of the burglary. (*People v. Shoemaker* (1975), 31 Ill. App. 3d 724, 334 N.E.2d 347; *People v. Gooch* (1966), 70 Ill. App. 2d 124, 217 N.E.2d 523.) The facts adduced at trial make it evident that the liquor store was broken into, that inventory and other valuables were taken, that the defendants were present at the scene and fled therefrom when the police arrived, and that they attempted to conceal themselves to avoid arrest. These facts are sufficient to support

the trial court's finding that the defendants entered the premises with the intent to commit a felony or theft and we concur therein.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

McGLOON and O'CONNOR, JJ., concur.