THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DELVIN ROLLINS, Defendant-Appellant.

Third District   No. 79-875

Opinion filed July 17, 1980.—Rehearing denied August 13, 1980.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

On June 21, 1978, the defendant, Delvin Rollins, was indicted as an adult for the rape of Cynthia Todd. The prosecution of the defendant, who was 16 at the time of the offense, was formally removed from juvenile court at a hearing conducted on June 22, 1978.

Subsequently, the defendant pleaded guilty to the charge and was sentenced to a term of imprisonment of 20 years. While filing a notice of appeal from this disposition, defense counsel failed to file a motion to withdraw the guilty plea, as is required by Supreme Court Rule 604(d). (Ill. Rev. Stat. 1979, ch. 110A, par. 604(d).) As a result, the cause was remanded to enable the defendant to file the required motion (3d Dist., No. 79-95).

Upon remandment, the new defense counsel filed a motion to withdraw the plea of guilty and to vacate the judgment, asserting as grounds, among others, that the transfer from juvenile court was void because neither the defendant's father nor his guardian was properly notified of the proceedings and that the 20-year term of imprisonment was unfair because two co-participants in the offense were treated as juveniles. The defendant's motion was denied.

Relevant to the notice issue is the fact that the defendant was initially brought into contact with the juvenile court system in 1975. On August 23 of that year he was adjudicated a neglected minor and was made a ward of the court under the guardianship of Richard S. Laymon, guardianship administrator for the Department of Children and Family Services. Subsequently, a letter from the Department to the judge presiding in the defendant's juvenile case indicated that the defendant's mother requested a termination of guardianship and a return of custody to her. During these proceedings, the defendant was residing with his natural father, Shirley James Rollins, whose address the Department listed as 5810½ Line Oaks Street, Bell Garden, California. A copy of the guardian's report, filed with the Will County probation department on June 3, 1976, listing the address of the defendant's father and describing him as an employee of Kiser Steel in Vernon, California, was included in a later dispositional report, filed July 3, 1978. However, a case report completed by the Department on May 19, 1978, also included in the July 3 dispositional report, lists Mr. Rollins address simply as "California" and his occupation as "unknown."

A hearing of the defendant's juvenile neglect case was had on July 21, 1976, and the cause was dismissed. The basis for this dismissal was that the defendant was no longer living in this State. He was apparently residing with his father, but the minute order indicates that the defendant's address was unknown.

In a delinquency petition filed in the juvenile division of the Circuit Court of Will County on December 30, 1977, the defendant was charged with the rape of Linda Rich. A supplemental petition, charging him with the aggravated kidnapping of Linda Rich, two unrelated burglaries and two unrelated robberies, was filed on January 12, 1978. On May 18, 1978, he was adjudged delinquent, and on May 23, 1978, a second supplemental petition was filed charging him with the rape of Cynthia Todd. Previously, on March 15, 1978, he had been charged with the rape of Ms. Todd in a juvenile petition filed in Grundy County, but this cause was transferred to Will County for disposition.

With regard to the service of process in these matters, the December 30, 1977, petition, charging the defendant with rape of Ms. Rich, listed Margaret Pierce as the defendant's mother but indicated his father to be unknown. While the defendant and his mother were personally served with the summons, the only service upon the defendant's father was by publication, since service by certified mail proved unsuccessful.

The mailed summons was addressed to "Mr. Rollins, Elizabeth Street, Cudahy, California," and the notice by publication began "To: Mr. Rollins, Unknown and to All Whom It May Concern * * *." The first supplemental petition also showed the defendant's father as merely "Mr. Rollins" with the above Elizabeth Street address. He was served by publication in the same manner as was done earlier. In the second supplemental petition, the defendant's father was likewise named as "Mr. Rollins," but there is no indication as to how service was attempted on the defendant's father. Richard S. Laymon was not listed on any of these petitions, and there is no evidence of record suggesting that he was ever served.

On June 2, 1978, a motion was filed by the State to remove the cause from prosecution under the Juvenile Court Act. After a hearing was held on June 22, 1978, at which neither the defendant's father nor Mr. Laymon appeared, the cause was transferred to enable the defendant to be prosecuted as an adult. There is no indication in the record that either the defendant's father or Mr. Laymon were notified of the hearing.

If it is alleged in a petition that a minor, 13 years of age or older, has committed an act which constitutes a criminal offense, a juvenile court judge, on the motion of the State's Attorney and after an investigation and hearing but before an adjudicatory hearing, may permit prosecution under the criminal laws. (Ill. Rev. Stat. 1979, ch. 37, par. 702—7(3).) In the

petition, however, the State's Attorney is required, among other things, to provide the name and residence of the minor's parents and legal guardian or person, or persons, having custody or control of the minor. (Ill. Rev. Stat. 1979, ch. 37, pars. 704—1(2)(c) & (d).) When such a petition is filed, a summons must be issued to the minor and each person named as respondent. (Ill. Rev. Stat. 1979, ch. 37, par. 704—3(1).) If it appears that a respondent resides outside the State, the summons need not be personally served but may be served by certified mail. (Ill. Rev. Stat. 1979, ch. 37, par. 704—4(1).) But if service by certified mail can also not be had, service may be made by publication. Service by publication is not required, however, if the person alleged to have legal custody of the minor has been served personally or by certified mail. Ill. Rev. Stat. 1979, ch. 37, par. 704—4(2).

■■ Not only does the failure to provide notice to a minor's parents of an adjudicatory and dispositional hearing deprive the juvenile court of jurisdiction (*In re C. G.* (1979), 69 Ill. App. 3d 56, 387 N.E.2d 4), but also the failure of the State to exercise due diligence to determine a parent's address, and thereby failing to give proper notice, deprives the juvenile court of the jurisdiction to proceed with adjudicatory and dispositional hearings. (*In re T. B.* (1978), 65 Ill. App. 3d 903, 382 N.E.2d 1292.) On the other hand, because it affects important statutory rights of the juvenile, the waiver of jurisdiction by a juvenile court is also a critically important procedure. *Kent v. United States* (1966), 383 U.S. 541, 16 L. Ed. 2d 84, 86 S. Ct. 1045; *People v. Gooden* (1977), 56 Ill. App. 3d 408, 371 N.E.2d 1089.

■■ It is contended, therefore, that the juvenile court lacked jurisdiction to waive jurisdiction because of infirmities in the service of process on Mr. Rollins and Mr. Laymon. We disagree.

As for Mr. Laymon, service was not required because he was no longer the defendant's guardian, the guardianship having extinguished when the petition to have the defendant declared a neglected child was dismissed in 1976. In Mr. Rollins' case, the best service possible was provided when, in fact, service by publication was not necessary because the custodial parent was properly served and no judgment or order was issued against him. (Ill. Rev. Stat. 1979, ch. 37, par. 704—4(2).) While the Department had a 1976 address for Mr. Rollins which differed from that provided to and used by the State in attempting to serve Mr. Rollins by certified mail, the Department's most recent report reflects what his exact address was, in fact, unknown, although he was somewhere in California.

The defendant suggests that the factual situation in *In re T. B.* is very similar to that in the case at bar and requires a determination that the juvenile court here was without jurisdiction to proceed on the State's motion to transfer. In *In re T. B.*, an attempt was made to serve the

minor's mother at her former Peru, Illinois, address even though the minor had previously informed the sheriff that his mother had moved to Arizona. It was required, in *In re T. B.*, that the State should exercise due diligence in attempting to locate the minor's mother.

While this case seems factually similar on the surface, in *In re T. B.* there was no indication that the minor's father had been properly served or had appeared at the adjudicatory hearing. In the case at bar, the custodial parent was properly served and had notice of the proceeding. Therefore, the juvenile court had jurisdiction to entertain the motion of the State.

■■■ The defendant's second issue is also meritless. Due process does not preclude the State from prosecuting one defendant as an adult where an accomplice has been proceeded against in juvenile court. (*People v. Ruiz* (1979), 78 Ill. App. 3d 326, 396 N.E.2d 1314.) Although fundamental fairness requires similarly situated defendants not be given grossly disparate sentences (*People v. Henne* (1973), 10 Ill. App. 3d 179, 293 N.E.2d 172), the defendant does not refer to any facts of record, other than participation in the same crime, which indicates the defendant and the others were similarly situated. For example, the defendant provides no comparison with the prior records of each young man. Yet, we are informed that the reason the State chose to prosecute this defendant as an adult was because this defendant initiated this particularly heinous rape.

Since no factual basis has been provided from which it can be determined whether the defendant and the other juveniles are similarly situated, the judgment of the Circuit Court of Will County is affirmed.

Affirmed.

BARRY and STENGEL, JJ., concur.