THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CECIL L. MORTON, Defendant-Appellant.

Third District    No. 80-378

Opinion filed April 23, 1981.—Rehearing denied May 20, 1981.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Kenneth A. Wilhelm, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

Following a jury trial in the Circuit Court of Peoria County, the defendant, Cecil L. Morton, was found guilty of burglary and arson. After a sentencing hearing, the trial court sentenced the defendant to two concurrent terms of 6 years' imprisonment. He appeals, arguing (1) that the State failed to prove him guilty of arson beyond a reasonable doubt, and (2) that we remand the cause for resentencing because the trial court, by characterizing the proceeds of the burglary as compensation for the commission of the offense, improperly aggravated his sentence. We agree with both of the defendant's contentions and, accordingly, reverse the

arson conviction, affirm the burglary conviction, vacate the original sentence, and remand the burglary conviction for resentencing.

The defendant was charged by indictment with knowingly entering the residence of Donna Williams on March 14, 1980, and later that day, knowingly damaging Williams' residence by means of fire. The basically uncontested evidence established the following.

On the morning of March 14, 1980, at 8 a.m., the victim left her condominium for work. When she left, no one else was in her home and all the doors were locked. The defendant was staying next door at his girlfriend's condominium. His girlfriend, Carol Gago, and her roommate left for work at approximately 7:15 a.m., leaving the defendant alone. At this time, his car, a 1974 Camaro, was parked outside.

At 9:30 a.m., Peoria Police Officer Richard Johnson found the defendant's car stalled on the Murray Baker Bridge. After waiting approximately one-half hour, Johnson summoned a towing truck and ordered the car to be towed to the police lab because he observed a television set, turntable, stereophonic receiver, and a box of tools in the car's back seat. These goods were later identified by their serial numbers and other identifying characteristics by Williams as the items taken from her condominium earlier that day.

Approximately 10 minutes after Johnson called for the towing truck, he received a dispatch concerning a complaint about a stolen vehicle. That vehicle turned out to be the defendant's car.

Tony Gordon, a manager of a gas station located 300 feet from the bridge, was approached by the defendant on the morning in question. The defendant told Gordon that his car ran out of gas on the bridge and purchased a can of gasoline from Gordon. He never returned the can to Gordon, nor did the defendant use its contents to start his car.

Between 10:30 and 11 a.m., the defendant entered a police station to report his allegedly stolen vehicle. Following a short interview with police where he incorrectly described the goods in the back seat of his car, the defendant left the police station because he thought he would be needed at his place of employment, St. Francis Hospital. At some time between 11 and 11:30 a.m., the police drove the defendant apparently to St. Francis. The defendant's car remained in police custody.

At 1:15 that afternoon, Williams returned home following a call from a neighbor and discovered firemen extinguishing a fire in her house. She noticed her television, stereo, and turntable, which had been located in her living room, were missing. Williams also observed several items from her bedroom, specifically, a bankbook, loan book, and gift certificate, were missing.

According to a fire investigator, the sliding glass door to Williams' condominium had been broken from the outside. Also, two fires, one in

the living room and one in the bedroom, were started independently. Judging from the extent of damage to the apartment, the fire investigator fixed the time the fires were ignited as between 12:20 and 12:30 p.m. He believed the fires to be a result of arson.

The State produced no evidence concerning the defendant's whereabouts after the police had dropped him off at St. Francis at approximately 11 or 11:30 a.m.

From the preceding evidence, the State draws the following scenario. The defendant burglarized Williams' condominium sometime between 8 and 9 a.m., placed the goods in his car, and, while driving across the Murray Baker Bridge, ran out of gasoline. He walked to Gordon's service station to purchase a can of gasoline, but before he could return to his car, he spotted Officer Johnson guarding the car and its stolen goods. Attempting to avoid being questioned concerning the suspicious cache of goods, the defendant walked to a telephone and reported to the police that his car was stolen earlier that morning. One hour later, he identified his car at the police station and then left, apparently for work. After police dropped him off at St. Francis, the defendant somehow returned to the scene of the burglary, entered the condominium through the previously broken sliding glass door, and ignited a fire in each of the burglarized rooms in hope of destroying any evidence of his burglary.

■■ Illinois law is well established that proof of an offense can be established entirely by circumstantial evidence. Such evidence must produce, however, a reasonable and moral certainty that the defendant committed the crime and must eliminate every reasonable hypothesis consistent with his innocence. (*People v. Berland* (1978), 74 Ill. 2d 286, 385 N.E.2d 649.) The defendant contends that the State's circumstantial evidence not only failed to exclude the reasonable hypothesis that someone else committed the arson, but the evidence also failed to place the defendant at the fire when the crime was committed.

■■ In response, the State argues that because it circumstantially established motive, opportunity, and the incriminating circumstances of the fire, it has demonstrated beyond a reasonable doubt that the defendant and no one else committed the crime. We disagree with the State; it has not established opportunity, nor do the incriminating circumstances inevitably point to the defendant. The only "evidence" of opportunity adduced by the State was that the defendant left the police station between one and two hours before the fires were set and, thus, the police were unable to account for his whereabouts at that time. The State not only failed to prove when or how the defendant went from St. Francis to Williams' condominium, but it also failed to prove whether he even left the hospital during the time in question. What the State has labeled as opportunity is in fact nothing more than a remote possibility without

time-and-place proximity to the crime. (See, *e.g., People v. Abendroth* (1977), 52 Ill. App. 3d 359, 367 N.E.2d 571.) The presumption of innocence accorded the defendant cannot be overcome by such weak conjecture or possibility. "If a conviction is to be sustained, it must rest on the strength of the People's case and not the weaknesses of the defendant's case." *People v. Coulson* (1958), 13 Ill. 2d 290, 296, 149 N.E.2d 96, 99.

■■ Essentially, the State is asking this court to sustain the defendant's arson conviction solely upon the evidence of motive. Although motive is material, especially in circumstantial cases (see *People v. Richards* (1970), 120 Ill. App. 2d 313, 256 N.E.2d 475), motive alone by no means produces a reasonable certainty that the accused and no one else committed the crime. The State's case is insufficient to sustain the arson conviction and accordingly, we reverse.

In vacating the concurrent 6-year term of imprisonment and remanding the burglary conviction for resentencing, we direct that in light of the Illinois Supreme Court ruling in *People v. Conover* (1981), 84 Ill. 2d 400, 419 N.E.2d 906, the Circuit Court of Peoria County should not consider the proceeds of the burglary as compensation for the commission of the offense. See Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2.

Reversed in part, affirmed in part; sentencing order vacated and remanded.

SCOTT, P. J., and ALLOY, J., concur.