2020 IL App (1st) 171796-U

No. 1-17-1796

Order filed February 11, 2020

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 16 CR 16335 |
| | ) | |
| JEFFERY BATES, | ) | Honorable |
| | ) | Vincent M. Gaughan, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE COGHLAN delivered the judgment of the court.
Justices Lavin and Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Defendant's conviction for unlawful use of a weapon is affirmed where the trial court's improper admonition under Illinois Supreme Court Rule 431(b) was not plain error because the evidence was not closely balanced. Additionally, the prosecutor's remarks in closing argument were not improper.

¶ 2    Following a jury trial, defendant Jeffery Bates was convicted of unlawful use or possession

of a weapon by a felon (UUWF) (720 ILCS 5/24-1.1(a) (West 2016)) and sentenced to 3 ½ years'

imprisonment. On appeal, defendant argues that the trial court erred in not questioning potential

jurors about whether they understood and accepted the principle that defendant is not required to offer any evidence on his own behalf, as required by Illinois Supreme Court Rule 431(b)(3) (eff. July 1, 2012). He also contends that the State engaged in prosecutorial misconduct during closing arguments. For the following reasons, we affirm.

¶ 3     The trial judge gave preliminary instructions to the entire venire at the beginning of *voir dire*, as follows:

> "Under the law the defendant is presumed to be innocent of the charge against him. This presumption remains with him throughout every stage of the trial and during your deliberation on the verdict and it is not overcome unless from all the evidence in this case you are convinced beyond a reasonable doubt that the defendant is guilty.
>
> The [S]tate has the burden of proving the guilt of the defendant beyond a reasonable doubt and this burden remains on the [S]tate throughout the case. The defendant is not required to prove his innocence nor is he required to present any evidence on his own behalf. He may rely upon the presumption of innocence."

¶ 4     Prior to the *voir dire* of the individual panel members, the judge further admonished the entire group concerning "basic principles of constitutional law that apply to all criminal cases." The court asked for a show of hands if anyone had "any problem understanding" or "had any problems or qualms about applying" the following principles: (1) that "anybody placed on trial is presumed innocent of the charges against him;" (2) that "the State has the burden of proof . . . beyond a reasonable doubt and this burden stays with the State throughout each stage of the trial;" (3) that "anybody placed on trial in a criminal case has a right to take the stand and testify in his or her behalf . . . you judge his credibility like you would any other witness;" and (4) that "anybody

placed on trial in a criminal case has a constitutional right not to testify . . . and if [the defendant] decides not to testify no inference whatsoever can be drawn from his silence." While noting that nobody indicated "any problem understanding . . . or applying" these principles, the jurors were not asked whether they understood and accepted "that the defendant is not required to offer any evidence on his own behalf." Ill. S. Ct. R. 431(b)(eff. July 1, 2012); *People v. Thompson*, 238 Ill. 2d 598, 606 (2010).

¶ 5    At trial, Officer Anthony Vincent testified that, on October 5, 2016, he and his partner, Officer Cesar Guerrero, were on patrol in an unmarked vehicle in the area of 9400 South Princeton Avenue, when they observed a black sports utility vehicle (SUV) going "at a high rate of speed blow a stop sign." They "activated their emergency lights and sirens and attempted to pull the vehicle over." After a short chase, the officers lost sight of the SUV but found it double parked and abandoned in an alley a few minutes later. Vincent exited to inspect the vehicle. Meanwhile, Guerrero drove around the corner and observed the defendant, Jeffrey Bates, knocking on the front door of a house "basically in front of where the vehicle was located." Defendant was wearing a blue and orange Bears hat and carrying groceries in his right hand. Guerrero recognized the defendant as the driver of the SUV. Guerrero approached the defendant, announced his office, and told the defendant "to show his left hand." In response, the defendant tossed an unknown object into the bushes, jumped over a fence and ran toward the alley where the SUV was parked. Body camera footage showed defendant jumping over a fence with his arm raised near the bushes where the gun was recovered. Vincent began chasing defendant and eventually caught him hiding in a backyard behind some garbage cans. Guerrero recovered a dark green and black .40 caliber

semiautomatic handgun equipped with a laser attachment and flashlight from the bushes where defendant tossed the dark object.

¶ 6    The parties stipulated that there were no latent fingerprints suitable for comparison obtained from the gun recovered in the bushes and that defendant was previously convicted of a prior qualifying felony.

¶ 7    The jury found defendant guilty of UUWF. He was sentenced to 3 ½ years' imprisonment.

¶ 8    On appeal, defendant argues that the trial court failed to comply with Rule 431(b) during jury selection and that the State engaged in prosecutorial misconduct during closing arguments.

¶ 9    Defendant concedes that he has forfeited review of both claims by failing to raise them at trial and in a written post-trial motion. He nevertheless urges review under the plain error doctrine. A reviewing court may consider an unpreserved error where a clear or obvious error occurred and one of two circumstances exist: (1) "the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error," or (2) the "error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Sebby*, 2017 IL 119445, ¶ 48; *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).

¶ 10    The initial step in a plain error analysis is determining whether a clear or obvious error occurred at trial. *Sebby*, 2017 Il 119445, ¶49; *Piatkowski*, 225 Ill. 2d at 565. If so, then under the first prong of plain error we must determine whether defendant has shown "that the evidence was so closely balanced that the error alone severely threatened to tip the scales of justice." *Sebby*, 2017 IL 119445, ¶ 51; *Herron*, 215 Ill. 2d at 187. Prejudice is not presumed under the first prong of plain error, and defendant bears the burden of showing that the error was actually prejudicial

or, in other words, that the evidence was closely balanced. *Sebby*, 2017 IL 119445, ¶ 51; *Herron*, 215 Ill. 2d at 193; see *Piatkowski*, 225 Ill. 2d at 566.

Jury Instructions

¶ 11    Defendant argues that the trial court erred by failing to strictly comply with Illinois Supreme Court Rule 431(b)(3). In *People v. Zehr*, 103 Ill. 2d 472, 477 (1984), our supreme court stated that "essential to the qualification of jurors in a criminal case is that they know that a defendant is presumed innocent, that he is not required to offer any evidence in his own behalf, that he must be proved guilty beyond a reasonable doubt, and that his failure to testify in his own behalf cannot be held against him." These principals have been codified in Rule 431(b), which requires that, during *voir dire* examination of prospective jurors:

> "The court shall ask each potential juror, individually or in a group, whether that juror understands and accepts the following principles: (1) that the defendant is presumed innocent of the charge(s) against him or her; (2) that before a defendant can be convicted that State must prove the defendant guilty beyond a reasonable doubt; (3) that the defendant is not required to offer any evidence on his or her own behalf; and (4) that the defendant's failure to testify cannot be held against him or her; however, no inquiry of a prospective juror shall be made into the defendant's failure to testify when the defendant objects. The court's method of inquiry shall provide each juror an opportunity to respond to specific questions concerning the principles set out in this section."

¶ 12    In this case, the trial court generally admonished the entire venire that, "[t]he defendant is not required to prove his innocence nor is he required to present any evidence on his own behalf. He may rely upon the presumption of innocence." However, by failing to provide the jurors an

opportunity to "respond" to questions concerning these principles, the trial court violated Rule 431(b). See *Thompson*, 238 Ill. 2d at 607 (finding failure to question the prospective jurors about both their acceptance and understanding that "the defendant is not required to offer any evidence on his own behalf," violated Rule 431(b)).

¶ 13 Having determined that a clear and obvious error occurred at trial, we now consider whether the evidence in this case is closely balanced. Plain error under the closely balanced prong "requires a commonsense, contextual analysis of the totality of the evidence." *People v. Belknap*, 2014 IL 117094, ¶ 49.

¶ 14 Defendant argues that the evidence is closely balanced because there was no direct evidence that he possessed a firearm, the officers' testimony was not credible, he did not have exclusive control over the area where the firearm was recovered, and the evidence of flight was "weak." The State responds that the circumstantial evidence supported the officers' testimony and defendant did not present an alternate plausible account of events.

¶ 15 Evidence may be closely balanced when a case turns on a credibility determination between conflicting testimony. See *Sebby*, 2017 IL 119445, ¶63; *People v. Naylor*, 229 Ill. 2d 584, 606-08 (2008) (finding evidence closely balanced where defendant's version of events conflicted with that of testifying officers, and both accounts were credible). However, there is no credibility contest where, as here, one party's account is "unrefuted, implausible, or corroborated by other evidence." See *People v. Montgomery*, 2018 IL App (2d) 160541, ¶31. Where a case does not involve competing witnesses and the jurors are not asked to determine "relative credibility[,]" the factfinder's responsibility to assess witness credibility does not automatically make the evidence closely balanced. See *People v. Hammonds*, 409 Ill. App. 3d 838, 861-62 (2011).

¶ 16    Here, the officers' testimony was unrefuted, plausible and corroborated by other evidence. See *Montgomery*, 2018 IL App (2d) 160541, ¶¶ 31-32; *Hammonds*, 409 Ill. App. 3d at 861-62. The circumstantial evidence established that the firearm was recovered in the same place where Guerrero saw defendant drop a dark object, body camera footage corroborated defendant's presence in the same area where the gun was recovered and defendant fled from the police while in the SUV and on foot. See, *e.g., People v. Peete*, 318 Ill. App. 3d 961, 966 (2001) (although flight alone may not necessarily indicate criminal activity, a trier of fact may consider flight as circumstantial evidence tending to show consciousness of guilt.) Viewing this evidence in "a commonsense manner in the context of the totality of the circumstances," we find that the evidence is not closely balanced.

Prosecutorial Misconduct

¶ 17    Defendant also contends that he was deprived of his right to a fair trial, because the State committed prosecutorial misconduct during closing arguments. Prosecutors have great latitude during their closing arguments, but they may not argue assumptions or statements of fact not based on the evidence. *People v. Wilson*, 2014 IL App (1st) 113570, ¶ 47. A closing argument must be considered as a whole, and the challenged remarks must be viewed in context. *People v. Simms*, 192 Ill. 2d 348, 397 (2000). A reviewing court will not reverse a jury's verdict based upon improper remarks made during closing arguments unless the comments resulted in substantial prejudice to the defendant, which is defined as "a material factor in the defendant's conviction." *People v. Thompson*, 2013 IL App (1st) 113105, ¶¶ 79-80. A defendant seeking reversal of his conviction based on an allegedly improper closing argument faces a "substantial burden." *People v. Green*, 2017 IL App (1st) 152513, ¶ 77.

¶ 18     In *People v. Wheeler*, 226 Ill. 2d 92, 121 (2007), the supreme court held that "whether statements made by a prosecutor at closing argument were so egregious that they warrant a new trial is a legal issue this court reviews de novo." In *People v. Cook*, 2018 IL App (1st) 142134, ¶ 64, this court discussed the applicable standard of review, finding that "[w]hereas a reviewing court applies an abuse of discretion analysis to determinations about the propriety of a prosecutor's remarks during argument (*People v. Blue*, 189 Ill. 2d 99, 128 (2000)); *People v. Hudson*, 157 Ill. 2d 441 (1993)), the court reviews *de novo* the legal issue of whether a prosecutor's misconduct, like improper remarks during argument, was so egregious that it warrants a new trial. (*People v. Wheeler*, 226 Ill. 92, 121 (2007))." Under either standard, no error occurred in this case. See *People v. McNeal*, 2019 IL App (1st) 180015, ¶ 44.

¶ 19     Defendant challenges the prosecutor's rebuttal argument that "the fingerprint evidence that we heard about, nobody's fingerprints showed up on that gun that day, sometimes they come off, if they get thrown in the bushes, by a person, you could expect them perhaps to come off." Defendant maintains that this comment was "an expert-type fact statement that was not based on any evidence." We disagree.

¶ 20     In *People v. Lowry*, 354 Ill. App. 3d 760, 771 (1st Dist. 2004) we cautioned the State against interjecting comments on "studies" unless the evidence supported such an inference. *Id.* Here, unlike in *Lowry*, the prosecution did not reference a "study" unsupported by the evidence. Instead, the prosecutor permissibly argued based on the evidence, that "perhaps" the fingerprints came off when the gun was thrown in the bushes.

¶ 21     Defendant also argues that the prosecution vouched for the credibility of its key witness by arguing that, "Officer Guerrero was candid with you when he told you he wasn't sure what . . . it

was that this defendant dropped to the ground." The credibility of a witness is a proper focus of closing argument if it is based on the evidence or reasonable inferences drawn from the evidence. *People v. Hickey*, 178 Ill. 2d 256, 291 (1997); *People v. Dresher*, 364 Ill. App. 3d 847, 859 (1st Dist. 2006). However, a prosecutor may not vouch for the credibility of a government witness or use the credibility of the State's Attorney's office to bolster a witness's testimony. *Effinger*, 2016 IL App. (3d) 140203, ¶ 24; *People v. Williams*, 2015 IL App (1st) 122745, ¶ 12.

¶ 22    Here, the prosecutor did not vouch for Guerrero's credibility or argue that he was credible because of his status as a police officer. *Cf. People v. Adams*, 2012 IL 111168, ¶ 20 (explaining prosecutor may argue credibility of police officer witness but cannot argue witness is more credible because of his status as a police officer). The prosecutor's argument was a reasonable inference based on Guerrero's testimony that he saw defendant toss an unknown object into the bushes.[1]

¶ 23    Defendant also claims that the prosecution misrepresented the testimony of Officer Guerrero by arguing that defendant "couldn't stop [the SUV] for police because he would be giving up his gun and he knew he couldn't have it because he's a convicted felon[.]" Defendant does not dispute that evidence of flight is admissible to show consciousness of guilt. See, *e.g., People v. Harris*, 52 Ill. 2d 558, 561 (1972). Instead, he argues that this statement was error because the evidence that defendant was driving the SUV when it fled from police was "weak." He also challenges the prosecution's misstatement that he was "still wearing the same hat that Officer Guerrero saw him wearing when he was driving," which he claims improperly bolstered the State's weak identification evidence.

---

[1] The defense also argued that "Guerrero was truthful in his testimony that he did not see a gun." As we stated in *People v. Sandifer*, 2016 IL App (1st) 133397, ¶ 57, "[g]iven the similarity between defense counsel's comments and the State's comments, it is disingenuous for defendant to challenge the State's comments on appeal."

¶ 24    We agree that there was no evidence regarding what the defendant was wearing when Guerrero saw him driving the SUV. However, in light of Guerrero's testimony that he "immediately recognized" defendant when he saw him knocking on the front door of the residence, we cannot say that this isolated comment was unduly prejudicial.

¶ 25    Finally, the trial court admonished the jury that "anything that the lawyers say during closing arguments is not to be considered as evidence," and "anything that . . . conflicts with your individual recollection of the evidence should be disregarded." Under these circumstances, the State's isolated misstatement of the evidence did not constitute plain error. See *People v. Moore*, 171 Ill. 2d 74, 101 (1996) (finding misstatement by prosecutor did not constitute plain error where the trial court instructed the jury to disregard any statements made in closing that were not based on the evidence); *People v. McGee*, 2015 IL App (1st) 130367, ¶ 72 (potentially improper remarks did not affect outcome of trial where trial court instructed the jury to disregard any statement not based on the evidence).

¶ 26    All the alleged errors, when taken in their entirety and in context, fall squarely within the realm of permissible argument. The record does not support a finding that the jury's verdict would have been different absent the challenged remarks. See *People v. Austin*, 2017 IL App (1st) 142737, ¶ 55 (defendant receives an unfair trial when the prosecutor's comments render it impossible to determine whether or not a guilty verdict resulted from them); *People v. Jones*, 2016 IL App (1st) 141008, ¶ 23 (defendant entitled to a new trial based on improper prosecutor comments only "if the jury could have reached a contrary verdict in their absence").

¶ 27    Because we find that no "clear and obvious" errors occurred during closing arguments, the doctrine of plain error is inapplicable. For those same reasons, we decline to consider defendant's

ineffective assistance of counsel claims. *People v. Moon*, 2019 Il App (1st) 161573, ¶ 47, *People v. Hensley*, 2014 IL App (1st) 120802, ¶ 59.

¶ 28    For the reasons stated we affirm the judgment of the circuit court of Cook County.

¶ 29    Affirmed.